## HENRY M. SHOEMAKER v. THE TERRITORY OF OKLAHOMA.

ALIBI—*Burden of Proof.* An instruction to the jury that the burden is upon the defendant to prove an *alibi* by a preponderance of the evidence, that is, by greater and superior evidence, and that the defense of *alibi*, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place, so far away or under such circumstances that he could not, with all the means of travel within his control, have reac .ed the place where the crime was committed, so as to have participated in the commission thereof, and that if the jury believe that the Territory has made out such a case as, under such instruction as to an *alibi*, will sustain a verdict of guilty of the crime of murder charged in the indictment, then tne burden is upon the de'endant to make out his defense of *alibi*—is erroneous, and is sufficient ground for a reversal of the cause, although the court also instructed the jury, in the same connection, that all the evidence being considered, as well that touching the question of an *alibi*, as the criminating evidence introduced by the prosecution, if the iury entertain a reasonable doubt of the guilt of the accused they should acquit him.

*Appeal from the District Court of Kingfisher County.*

The defendant was, in September, 1894, indicted by the grand jury of Blaine county, Oklahoma, charged with the murder of one Edward H. Townsend on the 28th day of March, 1894. and on his application the venue of the cause was changed to Kingfisher county, where the defendant was convicted, and the punishment assessed by the jury and adjudged by the court at imprisonment at hard labor in the penitentiary for life.   Reversed.

*Buckner & Son,* for appellant.

*C. A. Galbraith, Attorney General,* for appellee.

The opinion of the court was delivered by

BIERER, J.: The appellant has assigned numerous errors for a reversal of the judgment of the district court, but only two are relied upon by counsel for appel-

lant in their brief, and only one is necessary for our consideration.

On the question of *alibi* the court instructed the jury as follows:

"Thirty. The defendant claims as his defense what is known in law, as an *alibi*, that is, that at the time of the murder with which he is charged was being committed, he was at a different place, so that he could not have participated in its commission.

"Thirty-one. The burden is upon the defendant to prove this defense for himself, by the preponderance of the evidence, that is, by the greater and superior evidence. The defense of *alibi* to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged, the accused was at another place so far away, or under such circumstances that he could not with all the means of travel within his control, have reached the place where the crime was committed, so as to have participated in the commission thereof.

"Thirty-two. The jury is instructed that if they believe that the Territory has made out such a case as, under this instruction herein given, will sustain a verdict of guilty of the crime charged in the indictment, then the burden is upon the defendant to make out his defense of an *alibi*, and upon all the evidence, then the primary question is, the whole of the evidence being considered, both that given by the defendant and that given for the Territory, is the defendant guilty beyond a reasonable doubt? The law is that when the jury has considered all the evidence, as well as that touching the question of the *alibi* as the criminating evidence introduced by the prosecution, then if they have any reasonable doubt of the guilt of the accused of the offense of which he stands charged, they should acquit; but if they have no such reasonable doubt, then they should not acquit, but should find the defendant guilty."

Exceptions were saved to the giving of instruction thirty-one and thirty-two, and one of the grounds upon

which appellant relies for a reversal of the case is the assignment of error committed in giving instruction number thirty-one. We have set out the three instructions, as they all go together, and are the entire instructions of the court on this question.

Instruction thirty-one is erroneous. The general provision of our statute places the burden of proof upon the Territory, and we have no provision which changes or limits this general provision with reference to proving an *alibi*.

Section 5201 provides:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown he is entitled to be acquitted."

This section is identical in substance with § 228 of the Criminal Code of Kansas, which was held by the supreme court of that state, in the case of *The State v. Child*, 40 Kansas, 482, "to cast the burden of proof on the state."

And where it is further held:

"There is a presumption that clings to a person charged with crime, through every successive step of his trial, that he is innocent, and this presumption is never weakened, relaxed or destroyed, until there is a judgment of conviction. The state is required to prove his guilt beyond any reasonable doubt, and all the defendant has ever been required to do is to produce evidence that creates such a doubt as to entitle him to an acquittal. He is not required to prove his innocence; all that is demanded of him is to show such a state of facts as to create a reasonable doubt of his guilt. This defense of *alibi* is peculiar in this respect so far as this case is concerned, that the state is bound to prove, in making its case, that the defendant was present at the commission of the crime, and this material fact it must prove beyond any reasonable doubt. The defendant alleges he was not

present, and he offers evidence to sustain this allegation. The trial court said he must prove it by a preponderance of the evidence, while the general rule of law outside of the statutory requirement, casts the burden of proving that fact on the state."

The court in that case reversed the judgment because the trial court had given instructions, in not nearly as strong language as that in which the instruction in question is couched, to the effect that the burden of proving an *alibi* is on the defendant to establish the same by a preponderance of the evidence, but directing the jury to acquit the defendant unless, from all the circumstances surrounding the case, they were satisfied of his guilt beyond a reasonable doubt. The offer of evidence by the defendant tending to prove an *alibi* does not change the burden of proof and shift it upon the defendant. And this principle has been vigorously maintained even in the absence of, or at least without reliance upon, such a statute as that of ours referred to. (*Walters v. The State*, 39 Ohio State, 215; *State v. Chee Gong*, [Oregon] 19 Pacific, 607; *Turner v. Commonwealth*, [Penn.] 27 American Reports, 683; Greenleaf on Evidence, Vol. 1, § 74, Note.)

In Mr. Greenleaf's note just cited he uses this positive language in expressing the rule:

"In criminal cases, the weight of evidence or burden of proof never shifts upon the defendant, but is upon the government throughout."

In *Wisdom v. People*, [Colorado], 17 Pacific, 519, the instruction that "to render proof of an *alibi* satisfactory, the evidence must cover the whole time of the transaction in question, so as to render it impossible that the defendant setting up such defense could have committed the act," was held reversible error.

In *French v. The State*, 12 Indiana, 670, reversible error was held to have been committed by giving the instruction:

"Evidence which tends to establish the defendant's guilt, also tends, in an equal degree, to prove that he was present at the time and place when and where the deed was committed; and, if he seeks to prove an *alibi*, he must do it by evidence which outweighs that given for the state, tending to fix his presence at the time and place of the crime."

In this case, which is a well considered opinion approved by all the judges, it is held that the rule is nowise different in a case where the defendant sets up an *alibi* from what it is where other affirmative matter is relied on. In the opinion the court says with reference to the instruction given:

"This instruction is not in accordance with the general rule of law, as applied either in civil or criminal cases; for in the former, the defendant is not bound to produce evidence which outweighs that of the plaintiff. If he produces evidence which exactly balances it, so as to leave no preponderance, he defeats the suit against him."

In *The People v. Fong Ah Sing*, 64 California, 253, the court held it erroneous to give an instruction on *alibi* which directed the jury to acquit the defendant if they found him to have been at another place at the time of the commission of the homicide.

The instruction here in question is very much like that in this California case, for it tells the jury that the *alibi*, to be entitled to consideration, must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place, so far away or under such circumstances that he could not, with all the means of travel within his control, have

reached the place where the crime was committed so as to have participated in the commission thereof.

Of course under this instruction the jury could only consider an *alibi* in case it was shown or proven as a fact, and this was too great an obligation to place upon the defendant in any event.  He was not bound to prove an *alibi.*  He was not bound to prove that he was at some other place at the time of the commission of the crime, no matter what the evidence of the Territory against him might be.  If he offered such evidence as would create in the minds of the jury a reasonable doubt as to his presence at the time of the commission of the crime, his burden was fully borne, and it was the duty of the jury to acquit him, although the evidence so offered might fall very far short of proving as a fact, by the greater weight of the evidence, that he was not at the scene of the crime at the time of its commission.

There are some authorities holding the other way on this question, as, for instance, in Iowa, in the case of *State of Iowa v. Hamilton,* 57 Iowa, 596, 11 Northwestern, 5, it is held that where the defense of *alibi* is relied upon the burden of proof is on the defendant to establish it by a preponderance of the evidence.

But there is in this case a very strong and most able dissent by Adams, C. J., also concurred in by Mr. Justice Day, and in our view of the law the dissenting opinion is much the best law written in that case.  It shows, indeed, how absolutely dangerous to liberty is the rule placing the burden of proof on the defendant.

The dissent in this case also cites, with particular approval, the case of *French v. The State,* 12 Indiana, 670.

Judges Adams and Day also dissent from the Iowa doctrine in the case of *State of Iowa v. Reed,* 17 Northwestern, 150.

We think the learned judge who tried the case below was misled into giving this instruction by following the precedents given in Sackett in his work on instructions, where the doctrine is taken from the Illinois rule. It is true that the rule, as given, is supported by the Illinois decisions. The dangerous departure from the ancient and time-honored rule of presuming the innocence of the defendant and lodging the burden of proof on the prosecution throughout all the stages of the case, could be no more forcibly exhibited than is done by the extraordinary rule finally reached by the supreme court of Illinois, as expressed in the syllabus to the case of *Klein v. The People*, 113 Illinois, 596, which is:

"A defendant, to establish an *alibi*, must not only show he was present at some other place about the time of the alleged crime, but also that he was at such other place such a length of time that it was impossible for him to have been at the place where the crime was committed, either before or after the time he was at such other place."

Such a rule as that has probably landed innocent men in the penitentiary or on the gallows, or else it has been refused enforcement by the juries of the very state that has adopted it.

In the case of *The State of Nevada v. Waterman*, 1 Nevada, 453, which was cited by the attorney general, the supreme court of that state held it erroneous for the trial court to instruct the jury that to warrant the acquittal of the defendant on the proof of an *alibi*, they must be satisfied of its truth by the testimony. In that case, although the court said that when the defendant attempts to establish an *alibi* he takes on himself the affirmative of the proof, it also stated that, "it is not necessary that he should establish his defense by a preponderance of the evidence." The argument is a strong

one against placing the burden, to any extent, upon the defendant, and is, in itself, a refutation of the outward rule therein formed as to placing the burden of proof on the defendant on· such an issue.

We must admit that we are unable to understand how the burden of proof could be placed upon a party when he was not required to establish the same by even a preponderance of the evidence. A burden that need not be established by a preponderance of the evidence is, in law, no burden at all, for a preponderance of the evidence is the least degree of proof by which a proposition may be established.

Nor can we consider the celebrated case of *Commonwealth v. Webster*, 5 Cushing, 295, as being an authority upon which we should lay down a different doctrine for the administration of the criminal law in this Territory.

The accurate language there used by Mr. Justice Shaw is spoken of in the case of *Nevada v. Waterman, supra,* as being a "loose expression."

Judge Beatty, in the Waterman case, says that:

"The only thing we find in the books at all tending to support the position taken by counsel for the state is a loose expression of Chief Justice Shaw, in the charge he gave to the jury in the case of the *Commonwealth v. Webster.*"

And the language which he thus referred to is as follows:

"In the ordinary case of an *alibi*, when a party charged with a crime attempts to prove that he was in another place at the time, all the evidence tending to prove that he committed the offence, tends in the same degree to prove that he was at the place when it was committed. If, therefore, the proof of an *alibi* does not outweigh the

proof that he was at the place when the offense was committed, it is not sufficient."

This language cannot bear the test of reason, or else it is a mistake to say that the burden of proof is upon the prosecution in a criminal cause. As is said in the first two sentences quoted, the evidence tending to prove a crime by the direct act of a party charged is divided into two primary facts. The one that he did the act which constituted the crime; the other that he was there when he did it. Of course these two propositions must be established, and must both be proved as against some one party, or there could be no crime committed, for no person could do the criminal act by which the crime was committed when such person was not present when he did it. And why should a person be required to sustain the burden of proof upon his claim as a defense that he was not present at the place where the prosecution put him, unless he was also required to sustain the burden of proof that he did not do it, that is, that he was not the person who did the criminal act charged and relied upon by the prosecution? The one fact is just as necessarily a part of the proof, and is just as much undertaken to be established by the prosecution, as the other, and if either is wanting the prosecution must fall and the accused go free.

Suppose the prosecution relies for the conviction of the defendant of murder on proof, however strong and positive it may be, that the defendant at the particular time and place shot and killed the deceased. The two primary facts are that a person at the time and place stated shot the deceased, and that, that person was the defendant. Now no person would contend that the burden of proof was on the defendant to show that the deceased was not shot by some one, but, in fact, came to his

·death some other way. Nor would they contend that the burden of proof was on the defendant to show that he was not the person who did the shooting. It will be admitted by everyone that these two facts must be established by the prosecution. Now the defendant is not precluded by the testimony of the prosecution, and he is not required to meet it by any particular form of proof. He may desire to meet it in the only way that many a person who is the victim of an honest mistake or a wilful fabrication could meet the seemingly strong proof against him, and that is by evidence tending to show that he was not the person who did the shooting, because he was at some other place than the scene of the shooting when the shooting was done, so that he could not have been the person who did it; and he certainly, to our minds, no more undertakes the burden of proof in a cause presenting his defense in this way than he would by any other form or name of proof which could be offered under the plea of not guilty.

If the language of Mr. Justice Shaw states the principle correctly in declaring that proof of an *alibi* is not sufficient unless it outweighs the proof that he was at the place where the offense was committed, then we see no reason why the courts, by mere judicial decree, might not go a step further and say that the proof that the defendant did not commit the criminal act could not be sufficient unless it outweighs the proof that he did commit it. And we would change the legal presumption that the defendant is innocent, although the grand jury has indicted him, to one holding him guilty until he has proved the indictment false.

We are unwilling to take a single step in this direction, and must, therefore, for the error committed,

reverse the judgment and order the cause remanded for a new trial.

McAtee, J., who presided in the case below, not sitting; all the other Justices concurring.