## John Wesley Wright v. Territory of Oklahoma.

1. ALIBI—*Burden of Proof.* An instruction to the jury that, when the defense of *alibi* is interposed by the defendant it is incumbent upon him to establish same by a preponderance of the evidence; *Held:* Erroneous and a sufficient ground for reversing the case; following *Shoemaker v. Territory,* 4 Okla. Rep. 118, 43 Pac. 1059.

2. INDICTMENT FOR MURDER—*Sufficiency, Defects Waived.* An indictment which does not charge that the acts by which the killing was accomplished, and the killing itself, were perpetrated by the accused with the premeditated design, or intent, to effect the death of the person killed, is insufficient to support a conviction of murder; following *Holt v. Territory,* 4 Okla. Rep. 76, 43 Pac. 1083; *Jewell v. Territory, Ibid.* 1075, 4 Okla. Rep. 53; but this court is not required to examine and pass upon the validity of an indictment unless the same has been challenged by some proper proceeding in the trial court.

*Error from the District Court of Kingfisher County.*

John Wesley Wright, the defendant below, was indicted, tried and convicted of murder, and appeals. Reversed

*W. A. McCartney, E. O. Taylor* and *Buckner & Sons,* for plaintiff in error.

*C. A. Galbraith, Attorney General,* for the Territory.

The opinion of the court was delivered by

KEATON, J.:    While the record filed in this court by appellant is very voluminous and a number of errors have been assigned thereon, but two are urged by his counsel which we shall consider in their order.

In the eighth assignment of error appellant complains of the giving of certain instructions, among them being the following relating to the defense of an *alibi,* which he interposed at the trial of the cause:

"31.    The burden is upon the defendant to prove this defense for himself, by the preponderance of the evidence, that is, by the greater and superior evidence.    The defense of *alibi* to be entitled to consideration, must be such as to show at the very time of the commission of the crime charged, the accused was at another place so far away, or under such circumstances, as with all means of travel within his control, to reasonably exclude the possibility, that the defendant could have reached the place where the crime was committed, so as to have participated in the commission thereof."

To the giving of which instruction the defendant duly excepted.

This court, on February 13, 1896, in the case of *Shoemaker v. Territory,* held an instruction in the identical language of the one under consideration to be erroneous, and the giving of same, a sufficient ground for reversal. We have carefully reviewed said decision and the authorities therein cited and relied upon, and find no reason for changing or modifying the conclusion there reached. On the contrary, a re-examination of the authorities upon this question has tended to convine us, more firmly, that the law, as announced in said decision, is correct.

Under the tenth assignment of error, which is as

follows, "Said court erred in rendering judgment on the verdict of the jury," appellant's counsel endeavor to attack the indictment returned against him in the court below. We do not believe that the above assignment can be so construed as to support their contention, nor does the record filed in this court disclose that any such objection was made to said indictment in the district court as to entitle appellant to have the sufficiency of same passed upon by this court, as it is not shown to have been challenged by a motion to set aside, demurrer, motion in arrest of judgment, or in any other manner. But, as the case must be reversed and remanded for further proceedings, and as the indictment will doubtless be properly attacked by defendant immediately after the cause reaches the trial court, we deem it proper to examine same and pass upon its validity. Under the former decisions of this court, the indictment is clearly insufficient to support a conviction of murder, as it is no where stated therein that the acts by which the killing was accomplished, and the killing itself, were perpetrated by the accused with the premeditated design, or intent, to effect the death of the person killed. (*Holt v. Territory*, 4 Okla. 76, 43 Pac. 1083; *Jewell v. Territory*, 4 Okla. 53, 43 Pac. 1075.) The charging part of said indictment is in the following language:

"That Wesley Wright, on the fifteenth day of August, A. D. 1894, in Kingfisher county, Oklahoma Territory, in and upon one George Curtis, then and there being, wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice to kill and murder, and that the said Wesley Wright, a certain shotgun then and there charged with gunpowder and leaden and bullets which the said shotgun, he, the said Wesley Wright, in his hands then and there had and held, there

and then wilfully, unlawfully, purposely, feloniously, and of his premeditated malice, did discharge, and shoot off, to, at, against, and upon the body of him, the said George Curtis, and that he, the said Wesley Wright, with the leaden bullets aforesaid, out of the shotgun aforesaid, then and there, by force of the gunpowder aforesaid, by the said Wesley Wright, discharged and shot off as aforesaid, then and there, wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice did strike, penetrate and wound, with the intent aforesaid, thereby, then and there giving to the said George Curtis, in and upon the body of him, the said George Curtis, then and there with the bullets aforesaid, so, as aforesaid, discharged and shot out of as aforesaid, by force of the gunpowder aforesaid, by the said Wesley Wright, in and upon the body of him, the said George Curtis, one mortal wound of the depth of about ten inches, and of the breadth of about one-half inch, of which said mortal wound, he, the said George Curtis, on and from the fifteenth day of August, A. D. 1894, until the seventeenth day of August, A. D. 1894, in said county, did languish, and languishing did live, on which said seventeenth day of August, A. D. 1894, in which said aforesaid year, he, the said George Curtis, in said county, of said mortal wound aforesaid, died."

As the other errors assigned, if tenable, are not likely to occur again upon another trial of the case and are not urged by counsel for appellant, it is not necessary to give them any consideration.

The judgment of the district court is reversed, a new trial ordered, and the case remanded for further proceedings in accordance with this decision.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.