GLOVER VS UNITED STATES.

Opinion delivered October 27, 1906.

(91 S. W. Rep. 41).

1. *Criminal Law—Credibility of Witnesses—Question for Jury.*

The credibility of witnesses, the effect and weight to be given contradictory and oral evidence, and all questions of fact, are to be determined by the triers of the facts, whether court or jury, and are not questions of law for the court.

2. *Same—Appeal—Approval of Verdict of Jury.*

The Appellate Court would not be justified in disturbing the verdict of the jury, when the Trial Court refused to do so, after seeing and hearing the witnesses testify, even though six witnesses testified for the appellant and but one for the appellee.

3. *Same—Statutues of the United States and of Arkansas, when in Conflict which Applies.*

> The Act of Congress of May 2, 1890, C. 182 Art. 182, Art. 33, (26 Stat. 96) provides that in all cases where the laws of the United States and the Criminal laws of Arkansas have provided punishment for the same offenses the laws of the United States shall govern as to such offenses, and as the laws of Arkansas are only adopted in so far as they are applicable, and where there is any conflict, the laws of the United States shall govern. Therefore in a conviction of robbery it was the duty of the court, under and by virtue of Section 2 of a statute of the United States approved February 15, 1888 (23 Stat. 33, C. 10) to fix the punishment rather than far the jury as provided for by the Arkansas Statute.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, March 16, 1905.

John Glover was convicted of robbery, and he appeals. Affirmed.

On December 13, 1904, the defendant was indicted for the crime of robbery, committed on May 27, 1904, in said district, upon one Frank Neeley, and on same day defendant waived arraignment and pleaded not guilty. On March 13, 1905, the defendant was tried by a jury, who returned the following verdict: "We, the jury, find the within-named defendant, John Glover, guilty in manner and form as charged in the within indictment. Jesse McLain, Foreman." On March 16, 1905, defendant filed his amended motion for a new trial, which was overruled by the court, to which defendant excepted, whereupon the court sentenced the defendant to imprisonment in the penitentiary at Ft. Leavenworth, Kan., for the term of six years, and to pay a fine of $50, to which defendant excepted and prayed an appeal to this court.

*Char. G. Watts*, *De Roos Bailey*, and *Thomas H. Owen,* for appellant.

*W. M. Mellette*, U. S. Atty., and *Ernest L. Kistler*, Asst. U. S. Dist. Atty.

TOWNSEND, J. (after stating the facts). The appellant has filed six specifications of error, as follows: "(1) The court erred in not granting appellant's motion for a new trial. (2) The court erred in not instructing the jury to assess defendant's punishment in the event they found him guilty. (3) The court erred in receiving the verdict of the jury, because the punishment of the defendant was not assessed by the jury therein. (4) The court erred in receiving the verdict of the jury; the same being a general verdict, and there being no assessment of defendant's punishment therein. (5) The court erred in rendering judgment on the verdict returned by the jury. (6) The court erred in instructing the jury, over objections of appellant, as follows, to wit: 'The defense interposed by the defendant in this case is what is known in law as an alibi—that is, that the defendant claims that he was at another place at the time of the commission of the crime; and the court instructs the jury that such defense is as proper and legitimate, if proved, as any other, and all the evidence bearing upon that point should be carefully considered by the jury. Such defense, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away and under such circumstances that he could not, with any ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof. But the court instructs the jury, also, as a matter of law, that the burden to prove that the defendant was at another place at the time of the commission of the crime must be by preponderance

of evidence; that is, by the greater and superior evidence.'"

Under the first specification appellant contends that by reason of the fact that the government only had one witness and the defendant had six witnesses, none of whom were impeached, it is clear that defendant did not have a fair trial, and that the facts in evidence are overwhelmingly in favor of his innocence. In Am. & Eng. Enc. of Law, Vol. 30, pp. 1063-1066, it is said: "Province of Jury or Other Triers of Facts. The credibility of witnesses, the effect and weight to be given conflicting and contradictory oral evidence, are all questions of fact, to be determined by the triers of the facts, whether court or jury, and not questions of law for the court. * * * If there is one question more peculiarly and exclusively within the province of the jury than any other, it is that of the credibility of witnesses. The right or duty to decide this question must never be divided between the court and the jury, and much less taken away from the jury and decided wholly by the court. It is ordinarily for the triers of the facts to determine whether and to what extent witnesses shall be believed, not only when there is a conflict of evidence merely, but also when the credibility of witnesses has been substantially impeached or discredited by evidence of bias, bad character, contradictory statements, or the like; and this is true, though the witnesses of the adverse party have not been thus attacked. * * * . Since the probative value of the testimony of a witness depends on the credit to which the jury thinks it entitled, it necessarily follows that the court has no right to lay down for the jury rules whereby they shall determine the force of the evidence, irrespective of the credence they actually give it in their own minds." It is apparent from an examination of the testimony of the witnesses for the appellant that many contradictory statements were made, and the jury evidently gave little credit to their

testimony; and we would not feel justified in disturbing the verdict when the trial court declined to do so, after seeing and hearing the witnesses testify.

All the other specifications of error are discussed by the appellant in one argument. The 2d, 3d, 4th, and 5th specifications are the alleged errors of the court in not instructing the jury to assess defendant's punishment in the event they found him guilty; in receiving the verdict, because the punishment was not assessed; in receiving the verdict, the same being a general verdict, and the punishment not having been assessed— and the error of the court in rendering judgment on the verdict returned by the jury. The defendant was indicted and tried under and by virtue of a statute of the United States approved February 15, 1888, entitled "An act to punish robbery, burglary and larceny in the Indian Territory." 25 Stat. 33, c. 10. Section 2 of said act is as follows: "That any person hereafter convicted of any robbery or burglary in the Indian Territory shall be punished by a fine of not exceeding one thousand dollars, or imprisonment not exceeding fifteen years, or both, at the discretion of the court." It thus appears that the fine and imprisonment shall be at the discretion of the court. Appellant contends that this means that the jury should fix the punishment as provided by the Arkansas statute, but the Arkansas statutes are adopted only so far as applicable, and, where there is any conflict, the laws of the United States shall govern, as provided in Act Cong. May 2, 1890, c. 182, § 33, 26 Stat. 96, as follows: "Provided, that in all cases where the laws of the United States and the said criminal laws of Arkansas have provided for the punishment of the same offenses the laws of the United States shall govern as to such offenses." We are of the opinion that it was the duty of the court in this case to fix the punishment in his discretion.

The sixth specification is the alleged error of the court in giving the jury an instruction upon the law of an alibi. The court instructed the jury upon the law of an alibi as follows: "Gentlemen of the jury: The court shall read to you again the instruction as to alibi. The defense interposed by the defendant in this case is what is known in law as an alibi—that is, that the defendant claims that he was at another place at the time of the commission of the crime; and the court instructs the jury that such defense is as proper and legitimate, if proved, as any other, and all evidence bearing upon that point should be carefully considered by the jury. Such defense, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away and under such circumstances that he could not, with any ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof. But the court instructs the jury, also, as a matter of law, that the burden of proof that the defendant was at another place at the time of the commission of the crime must be by a preponderance of the evidence; that is, by the greater and superior evidence, but the court also instructs the jury that, if they have any reasonable doubt as to whether the defendant was at some other place when the crime was committed, they should give the defendant the benefit of that doubt. The other instructions remained unchanged." This instruction was given by the court after exception taken by the appellant, and after the same was given the record does not show that any exception was reserved to it.

The other instructions given were not excepted to, so that the record discloses no exception to the charge of the court after the court had amended its charge on the law of an alibi.

We are of the opinion that the charge, taken as a whole, is correct, and, there being no substantial error in the record, the judgment of the lower court should be, and is, affirmed.

CLAYTON and GILL, JJ., concur. RAYMOND, C. J., not participating.