(June 21, 1918.)

STATE, Respondent, v. WILLIAM WARD, Appellant.

[173 Pac. 497.]

CRIMINAL LAW — INSTRUCTIONS ON ALIBI AS A DEFENSE — EFFECT OF ERRONEOUS INSTRUCTION WHEN NOT PREJUDICIAL.

1. Where in a criminal case the defendant relies upon the defense of *alibi,* the state having established a *prima facie* case against him, the burden is upon him to prove that defense by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to his guilt.

2. Upon the defense of *alibi* in a criminal case, it is error to instruct the jury that the burden of proof is upon the defendant, unless such statement be qualified to the effect that the evidence upon the question of *alibi* need only be sufficient to raise a reasonable doubt in the mind of the jury to justify an acquittal.

---

Authorities discussing the question of proof of *alibi* by defendant to raise a reasonable doubt are collated in a note in 41 L. R. A. 533.

3. Where the instructions in a criminal case as a whole state the law, and the jury from a consideration of all the evidence could not have reached any other conclusion than that the defendant was guilty of the crime charged, the giving by the court of an instruction which, considered alone, is erroneous, will not warrant the appellate court in reversing a conviction, as the defendant could not have been prejudiced in any substantial right thereby.

[As to burden of proof and on whom it rests, see notes in 28 Am. Rep. 308; 33 Am. Rep. 736; 37 Am. Rep. 148.]

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Prosecution for adultery. From a judgment of conviction defendant appeals. *Affirmed.*

A. L. Morgan, for Appellant.

The following instruction is erroneous: "The defense of *alibi* to be entitled to consideration must be such as to show that at the very time of the alleged commission of the crime charged, the accused was at another place, under such circumstances that he could not, with any ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof."

This instruction clearly places the burden of proof upon the defendant to establish the defense of *alibi* by a degree of proof beyond the amount necessary to raise a reasonable doubt. (*People v. Davenport,* 13 Cal. App. 632, 110 Pac. 318; *Wisdom v. People,* 11 Colo. 170, 17 Pac. 519.)

T. A. Walters, Atty. Gen., A. C. Hindman, J. P. Pope and J. Ward Arney, Assistants, for Respondent.

The instruction upon the defense of *alibi* particularly complained of by appellant correctly states the law. (*State v. Burton,* 27 Wash. 528, 67 Pac. 1097, 1098; *State v. Maher,* 74 Iowa, 77, 37 N. W. 4; *State v. McGarry,* 111 Iowa, 709, 83 N. W. 718; *Glover v. United States,* 6 Ind. Ter. 262, 91 S. W. 41; *Mullins v. People,* 110 Ill. 45; 2 Brickwood's Sackett on Instructions, secs. 2436, 2438.)

BUDGE, C. J.—The appellant was convicted of the crime of adultery. This appeal is from the judgment.

The specifications of error, based upon certain instructions given, raise the only debatable question in the case. The instructions complained of are as follows:

1. "One of the defenses interposed by the defendant in this case is what is known in law as an *alibi;* that is, that the defendant was at another place at the time of the alleged commission of the crime, and all the evidence bearing upon that point should be carefully considered by the jury, and, if, after considering the evidence the jury have a reasonable doubt as to whether the defendant was in some other place when the crime is claimed to have been committed, they should give the defendant the benefit of the doubt and find him not guilty."

2. "It is incumbent upon the defendant to produce such evidence as to raise a reasonable doubt as to the defendant having been at the place where the crime is claimed to have been committed."

"The defense of *alibi,* to be entitled to consideration must be such as to show that at the very time of the alleged commission of the crime charged, the accused was at another place, under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof."

The first instruction and the first paragraph of the second instruction are sustained by *State v. Rice,* 7 Ida. 762, 774, 775, 66 Pac. 87, and *State v. Webb,* 6 Ida. 428, 435, 55 Pac. 892. The rule is better stated in *State v. Bogris,* 26 Ida. 587, 600, 144 Pac. 789, in the following language: "The true doctrine seems to be that where the state has established a *prima facie* case, and the defendant relies upon the defense of *alibi,* the burden is upon him to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will, when the whole evidence is considered, create and leave

in the mind of the jury a reasonable doubt of the guilt of the accused."

The latter paragraph of the second instruction, while sustained by the following authorities (*State v. Maher,* 74 Iowa, 77, 37 N. W. 4; *State v. McGarry,* 111 Iowa, 709, 83 N. W. 718; *Grover v. United States,* 6 Ind. Ter. 262, 91 S. W. 41; *Mullins v. People,* 110 Ill. 45; Brickwood's Sackett on Instructions, sec. 2435; *State v. Burton,* 27 Wash. 528, 67 Pac. 1097, 1098; *State v. Jones,* 71 N. J. L. 543, 60 Atl. 396), is erroneous and should not have been given. (*People v. Fong Ah Sing,* 64 Cal. 253, 28 Pac. 233; *Shoemaker v. Territory,* 4 Okl. 118, 43 Pac. 1059; *Wright v. Territory,* 5 Okl. 78, 47 Pac. 1069; *McNamara v. People,* 24 Colo. 61, 48 Pac. 541; *People v. Roberts,* 122 Cal. 377, 55 Pac. 137; *State v. McClellan,* 23 Mont. 532, 75 Am. St. 558, 59 Pac. 924; 12 Cyc. 383, 384.) But it does not necessarily follow that the giving of an erroneous instruction warrants this court in reversing the trial court. The instruction must not only be erroneous but must also be prejudicial to justify a reversal. By other instructions the jury was charged that the defendant was entitled to the presumption of innocence, and that if they entertained a reasonable doubt as to whether the state had proved all the material allegations of the information to be true, that doubt should be resolved in favor of the defendant. When the instructions are considered as a whole it is impossible to conclude that this particular portion of the charge, though erroneous, misled the jury. (*People v. Levine,* 85 Cal. 39, 40, 22 Pac. 969, 24 Pac. 631.) In view of the entire charge and the evidence, clearly the jury could have reached no other conclusion than that plaintiff is guilty. Where, as in this case, the evidence of the defendant's guilt is such that no fair-minded person could reach any other conclusion, and is such as produces a conviction in an unprejudiced mind, beyond a reasonable doubt, and the jury could not, under their oaths, have returned any other verdict, the judgment of the trial court should not be reversed for the reason that the defendant cannot be said to have been prejudiced in any substantial right. (*State v. Silva,* 21 Ida. 247, 257, 120 Pac.

835; *State v. Brill*, 21 Ida. 269, 275, 121 Pac. 79; *State v. Marren*, 17 Ida. 766, 790, 107 Pac. 993.)

From what has been said it follows that the judgment must be affirmed and it is so ordered.

Rice, J., concurs.

McCARTHY, District Judge, Dissenting.—I concur to the extent of holding that the first instruction and the first paragraph of the second instruction are not erroneous, basing this opinion upon the former decisions of this court cited in the majority opinion. I also concur in holding that the second paragraph of the second instruction is erroneous. Regardless of my own opinion as to the weight of the evidence, I am not satisfied that the case is so clear that the jury could not, under their oaths, have returned any other verdict. I am therefore not satisfied that the defendant cannot be said to have been prejudiced by the erroneous instruction. For this reason I dissent from the result arrived at in the majority opinion.