**Ronald Gene BATTLES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F-84-601.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1987.

Rehearing Denied March 3, 1987.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Division, M. Caroline Emerson, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ronald Gene Battles, was convicted of the crime of Robbery with Firearms After Former Conviction of Two or More Felonies in the District Court of Oklahoma County in Case No. CRF–84–328 and was sentenced to thirty-five (35) years imprisonment, and he appeals.

Briefly stated the facts are that on December 11, 1983, two black men entered a 7–11 store in Oklahoma City, held the store manager at gunpoint, emptied the cash register and took the manager's wallet and checkbook. After the two men fled, the manager called the police and gave a description of the two men, specifically stating that one of the men was wearing a short tan jacket with front pockets. The store where the robbery occurred was equipped with two types of cameras: one was a video camera, and the other was a camera that took still photographs.

On December 12, 1983, the appellant visited his friend James Garriott who was on probation for felony convictions. The appellant gave Mr. Garriott a credit card with

the store manager's name on it; and when he attempted to use the credit card, he was arrested. At trial, Mr. Garriott identified appellant as the man who gave him the credit card and identified the jacket as belonging to the appellant.

At a photographic lineup on December 12, 1983, the manager identified the appellant as one of the perpetrators, and three days later the appellant was arrested at his parent's house. Approximately two weeks later, the manager attended a physical lineup and identified the appellant.

■ As his first assignment of error the appellant contends .that. the trial court erred in admitting the jacket seized from him at the time of his arrest in that the seizure was in violation of the Fourth Amendment of the Constitution of the United States. We disagree.

The facts in the instant case reflect that once the appellant was identified, Detective Gregory, who had viewed still photographs of the robbery and had taken the general description of the appellant as part of his investigation, obtained an arrest warrant. Subsequently, Detective Gregory and four other officers went to the home of the appellant's parents and were admitted into the house by the appellant's sister. Once inside the house, they observed the appellant who was asleep on a couch. After waking the appellant, Detective Gregory informed him that he was under arrest and told him to get dressed.

At this point, there is a divergence in the testimony. The detective testified that after the appellant dressed he reached for his cap and jacket which were on another couch, and that the detective recognized the jacket as the same one he had observed in the still photographs. The appellant, on the other hand, testified that he wore the jacket only after the police had searched another room of the home, retrieved the jacket and insisted that he wear the jacket to the police station.

At the police station the jacket was seized for evidence and was placed in a sealed sack in the property room.

Although the facts are conflicting on this issue, we have often held that the question of the suppression of evidence is for the trial court, or the examining magistrate, in the first instance, and that where his ruling is based upon competent evidence this Court will not disturb it. *State v. Young,* 561 P.2d 993, 996 (Okl.Cr.1977). From a review of the record, we are of the opinion that there is competent evidence in support of the trial court's ruling. Viewing the evidence in the light most favorable to the State, the seizure of the jacket falls within the plain view exception to the search warrant requirement. *See Tucker v. State,* 620 P.2d 1314 (Okl.Cr.1980). This assignment of error is without merit.

■ For his second assignment of error the appellant alleges that the trial court committed fundamental error by failing to give a cautionary instruction on eyewitness identification. However, by failing to request a cautionary instruction, the appellant has waived this assignment. Where the appellant fails to object to instructions given and does not submit requested instructions, and where the instructions given adequately covered the subject matter of inquiry, any error was waived. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). This assignment of error is without merit.

■ The appellant next complains that the trial court erred in admitting the in-court identification of the store manager.

In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth the factors which are to be considered in determining whether an identification is reliable: 1) opportunity of eyewitness to view the person in question; 2) the witness' degree of attention; 3) the accuracy of the prior description; 4) the level of certainty demonstrated at the confrontation; and 5) the length of time between the crime and the confrontation.

In the present case, the store manager testified that the robbery incident lasted for approximately three (3) minutes, that his eyes were predominantly focused on the

man with the gun, and from these observations, he gave an accurate description of the two perpetrators to the police. At the photographic lineup the day after the robbery, the manager identified the appellant as one of the robbers; at a police lineup approximately two (2) weeks after the robbery he positively identified the appellant as one of the perpetrators, and then positively identified the appellant at trial. Therefore, we are of the opinion that the record amply supports the trial court's finding that the in-court identification was independently reliable. This assignment lacks merit.

In his fourth assignment of error, the appellant argues that the trial court committed fundamental error in failing to give a cautionary instruction as to the reliability of the testimony of the informant, James Garriott, where there was no substantial corroboration of such testimony. We note, however, that the appellant did not object to the instructions given and further failed to proffer requested instruction; therefore, since the instructions given adequately covered the subject matter of inquiry, any error was waived. *Maghe,* 620 P.2d at 436. There is no error.

As his final assignment of error, the appellant asserts that the cumulative effect of the errors at trial requires reversal or modification of his conviction. This Court has consistently held that where there is no individual error, there can be no error by accumulation. *Woods v. State,* 674 P.2d 1150 (Okl.Cr.1984). This assignment is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.