**James Leon HILL, Jr., Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–86–18.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1987.

Rehearing Denied Dec. 29, 1987.

Charles Foster Cox, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Leon Hill, Jr., was charged, tried and convicted in the District Court of Okmulgee County for the crime of Unlawful Possession of Narcotics With Intent to Distribute in Case No. CRF–84–237 and was sentenced to twenty (20) years imprisonment and fined twenty thousand dollars ($20,000), and he appeals. We affirm.

Briefly stated the facts are that on November 20, 1984, Officer Jim Hart, an Okmulgee Police Officer, was on patrol duty in Okmulgee. While he was stopped at an intersection, he observed two vehicles traveling at a high rate of speed, almost bumper to bumper. He began to follow the cars and clocked them at 40 miles per hour in a 25 mile per hour zone. As he continued to follow the vehicles, they came to an intersection and turned in opposite directions. Officer Hart followed the vehicle which had been in front, a 1972 black Chevrolet, and as he attempted to get closer to the car to obtain the license tag number the vehicle's speed increased to 60 miles per hour. Officer Hart then turned on the overhead lights and while he was following the car he observed the driver, later identified as appellant, throw a brown paper sack out the window. Subsequently, appellant pulled his car over and after Officer Hart checked his identification, he asked appellant to accompany him to the site where the sack was thrown out of the window. Officer Hart made a mental note of the location of the sack and returned to the exact location. Officer Hart searched the area around the sack and found no other paper sacks, bottles or cans. When he opened the sack, Officer Hart discovered that it contained four baggies of a white powdery substance, later identified as cocaine.

For his first assignment of error appellant asserts that he was denied effective assistance of counsel in that defense counsel failed to challege the legality of his arrest; failed to effectively cross-examine witnesses for the State; failed to present effective opening and closing statements; and failed to object to improper prosecutorial comments during closing argument. We disagree. Appellant's warrantless arrest was clearly legal and it was not error for defense counsel to fail to challenge it. Appellant was stopped after driving at speeds up to 60 miles per hour, and after the stop, appellant was briefly detained while the officer located the abandoned

sack, which contained cocaine, 200 yards away. *See Copling v. State,* 600 P.2d 353 (Okl.Cr.1979).

Furthermore, we have carefully reviewed appellant's other assignments of counsel's ineffectiveness, and we are not persuaded that appellant overcame the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We are also not convinced that but for counsel's alleged errors a different result would have been obtained in the conviction or in the sentence. *Foster v. State,* 714 P.2d 1031, 1039 (Okl.Cr.1986). Hence, this assignment lacks merit.

Appellant next contends that he was prejudiced by improper prosecutorial comments during closing argument. Initially, we observe that due to the failure to object all error not of a fundamental nature has been waived. *Raymond v. State,* 717 P.2d 1147 (Okl.Cr.1986). In light of the overwhelming evidence of guilt, we are of the opinion that none of the remarks are so fundamentally prejudicial that the court could not, by instructions to the jury, correct the error. Therefore, this assignment of error is without merit.

The judgment and sentence is AFFIRMED.