Seymour ASHINSKY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–601.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1989.

Rehearing Denied Oct. 16, 1989.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant, Seymour Ashinsky, was tried by jury and convicted of Robbery with Firearm (21 O.S.Supp.1982, § 801) and Shooting with Intent to Kill (22 O.S.1981, § 652) in Case No. CRF–84–58 in the District Court of Beckham County, the Honorable Gary P. McGinn, District Judge, presiding. The jury returned a verdict of guilty on both counts and set punishment at fifty (50) years imprisonment for Robbery with Firearm and five (5) years imprisonment for Assault and Battery with a Dangerous Weapon. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On February 25, 1984, at approximately 8:20 a.m., the Appellant stopped Sharon Burham, frozen food manager of Puckett's IGA in Elk City, Oklahoma, near her department in the store. Appellant asked Mrs. Burham where he could find O.V. Kelly, the store manager, and he was directed to the lounge area at the back of the store. Upon entering the lounge, Appellant asked for "O.V." When Kelly identi-

**204**

fied himself, Appellant produced a blue .44 caliber revolver from his pocket. Appellant told Kelly they were going to the store's office and put the money in the sack Appellant was holding. As they walked toward the office, Appellant told Kelly they would leave in Kelly's car and cautioned him to not do anything funny.

Upon entering the office, Appellant told store bookkeeper, Carolyn McHenry, to fill his green garbage bag with folding money only. As McHenry put money in the sack from the vault, her drawer, and the cash register trays, the trays fell to the floor. Appellant then demanded the money on the desk which McHenry had been counting. Appellant mumbled a curse and pointed his gun at McHenry. Kelly, realizing his derringer was in his back pocket, drew and pointed it at Appellant. A struggle followed, resulting in Kelly's gun discharging in the ceiling and Appellant's gun discharging into Kelly. Appellant took the bag of money and fled from the store. Kelly, McHenry, Burnam and another store clerk all identified Appellant at trial as the robber.

Appellant testified that he was a four-time convicted felon, was in Tulsa the day after the robbery, and denied committing the robbery. Sean Harper, Appellant's companion, testified that he and Appellant left Elk City between 7:30 and 8:00 A.M. on February 25, returned about one-half hour later to turn in a motel key, then left again, stopping in Tulsa that afternoon.

Appellant first contends that the trial court erred in refusing to allow witness Monty Still to testify to a conversation concerning the hearsay statements of a man identified only as "Monk" in which "Monk" allegedly claimed he had been casing Puckett's IGA as a possible source of money with which to buy drugs. Defense counsel stated that "Monk" could not be found to testify, and "Monk's" full name was never disclosed.

The admissibility of evidence is within the discretion of the trial judge, and unless a clear abuse of discretion is shown reversal will not be warranted. *Palmer v. State*, 719 P.2d 1285 (Okl.Cr.1986). Hearsay testimony is admissible if the declarant is unavailable, the statement made was adverse to the declarant's penal interest, and the statement tends to expose the declarant to criminal liability and is offered to exculpate the accused, and corroborating circumstances clearly indicate the trustworthiness of the statement. Title 12 O.S.1981, § 2804(B)(3). We find that Appellant has failed to establish any of the criteria required for admissibility under this rule or that "Monk" was a real person. The record discloses that no testimony was given regarding who "Monk" was, why he was unavailable, or the efforts made to locate him. Nor can these statements be adverse to "Monk's" penal interest, since there is nothing in the record to indicate that he intended to commit a crime, he was only identified by this nickname, and no description, age, habitat or acquaintances were given which might lead to his identity.

In light of the record we conclude that the trial court did not abuse its discretion in excluding the alleged "Monk" statements in the absence of complete identity of the declarant.

Appellant's second proposition of error is that the trial court erred in giving Instruction No. 16 relating to the law on alibi. There was no objection to this instruction by Appellant at the time it was given. In fact, defense counsel stated, "We're satisfied with the instructions." Ordinarily this Court would consider this allegation no further. Since an alibi instruction is not provided in the Oklahoma Uniform Jury Instructions—Criminal, however, we will discuss it in the instant case. This does not necessarily mean the instruction given was prejudicial to the Appellant or that it constituted reversible error. The instruction complained of reads as follows:

Testimony has been presented to show that at the very times of the commission of the crimes charged, the defendant was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crimes were committed so as to have participated in the commission thereof.

If you find from your consideration of all the evidence presented that the defendant was at this other place at the time the crimes were committed your verdict in both cases must be Not Guilty.

The second paragraph of this instruction, Appellant contends, is error. The State argues that this instruction does not shift the burden of proof; however, neither Appellant nor the State cite the controlling authority on this point.

■ This Court has firmly stated in numerous instances that the burden of proof is not shifted to the defendant in the defense of alibi. *Cortez v. State*, 415 P.2d 196 (Okl.Cr.1966); *Stuart v. State*, 35 Okl.Cr. 103, 249 P. 159 (1926); *Shoemaker v. Territory*, 4 Okl. 118, 43 P. 1059 (1896); *Wright v. Territory*, 5 Okl. 78, 47 P. 1069 (1897); *Thompson v. State*, 6 Okl.Cr. 50, 117 P. 216 (1911). All that is demanded of a defendant who presents an alibi defense is that he show a state of facts which creates reasonable doubt of his presence at the time and place where the crime was committed. *Newbury v. State*, 695 P.2d 531, 537 (Okl.Cr.1985).

■ Under this instruction the jury was directed to find the Appellant not guilty only if the evidence showed he was at a place other than where the crimes were committed, and this, standing alone, impermissibly shifted the burden of proof from the State's obligation to prove the Appellant was at the scene of the crime when it took place. We cannot give this instruction our approval. We find that this instruction should be discontinued in favor of the accepted instruction set forth in *Stuart v. State*, 35 Okl.Cr. 103, 249 P. 159 (1926). Accord *Cortez v. State*, 415 P.2d 196 (Okl. Cr.1966). The alibi instruction approved in *Stuart* is as follows:

The defendant has interposed in this case as one of his defenses what is known in law as an alibi. That is, that the defendant was at another and different place at the time of the commission of the crime charged. The law is that such a defense is proper and legitimate and the jury should consider all of the evidence bearing upon this point whether introduced by the state or the defendant, and if after a careful consideration of all of the evidence in the case the jury entertain a reasonable doubt as to whether the defendant was present at the time and place where the crime was committed, if it was committed, then and in that event the jury should give the defendant the benefit of the doubt and acquit him.

35 Okl.Cr. at 112, 249 P. 159.

■ While the instruction given was not complete, we must consider the jury instructions as a whole to determine if the totality of the instructions fairly and accurately state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983). The jury was informed in Instruction No. 1 that the instructions must be considered as a whole. The jury was instructed in Instructions Nos. 2, 11 and 13 that it must be convinced of the Appellant's guilt beyond a reasonable doubt, each instruction emphasizing the State's burden of proof several times. Instruction Nos. 11 and 13 specifically state that if the jury found that the Appellant's defense caused the jury to have a reasonable doubt that the Appellant was guilty, then the verdict had to be not guilty. We find that while the incomplete instruction did not address the burden of proof, its language was not as strong as that in cases reversed by this Court. *Shoemaker v. Territory*, 4 Okl. 118, 43 P. 1059 (1896); *Wright v. Territory*, 5 Okl. 78, 47 P. 1069 (1897); *Thompson v. State*, 6 Okl.Cr. 50, 117 P. 216 (1911). We therefore do not deem this instruction to be reversible error in the instant case where it is evident, on consideration of all instructions given, undisputed facts, and verdict of jury, that such instruction did not work to the prejudice of the Appellant or deprive him of any fundamental or substantial right. *Cortez v. State*, 415 P.2d 196 (Okl.Cr.1966).

■ In his third proposition of error, Appellant contends that prosecutorial comments deprived him of a fair trial. Only one of those remarks was properly preserved by an objection. Where there is no contemporaneous objection to such comments, nor any request for an admonishment to the jury regarding them, Appellant

has waived all errors not of a fundamental nature. *Hill v. State*, 746 P.2d 678 (Okl.Cr. 1987); *Henderson v. State*, 716 P.2d 691 (Okl.Cr.1986).

■ Appellant first complains that the prosecutor improperly asked witness Sean Harper whether he was homosexual. Defense counsel's objection was sustained by the trial court; however, no admonishment was requested or given. We believe that in light of the fact that the prosecutor did not pursue this line of questioning further and defense counsel failed to request an admonishment, no error occurred.

■ With regard to Appellant's allegations concerning comments not objected to at trial, when a defendant opens up a field of inquiry on direct examination, he may not complain of subsequent cross examination of the same subject. *Wimberly v. State*, 698 P.2d 27 (Okl.Cr.1985); *Burney v. State*, 594 P.2d 1226 (Okl.Cr.1979). Appellant alleges that in three (3) instances when objections were not made the prosecutor improperly inquired of defense witnesses. The record reveals that in each instance the questions were in response to defense questions asked on direct. We find no error.

■ However, the same cannot be said of the following. Defense counsel questioned witness Shannon about his overhearing a conversation between O.V. Kelly, Carolyn McHenry and L.A. Bain concerning McHenry's inability to identify the robber, and the prosecutor then inquired as to Shannon's arrest record. The record does not reflect that inquiry by Appellant's attorney opened the door to the prosecutor's questions. However, in view of the positive identification of Appellant as the person committing the crime, error in such questions is not sufficient to cause a reversal. *Benefield v. State*, 355 P.2d 874 (Okl. Cr.1960).

■ Appellant contends that the judge erred in failing to give a cautionary instruction to the jury concerning the hazards of eyewitness testimony. However, by failing to request a cautionary instruction, Appellant has waived this assignment.

Where Appellant fails to object to instructions given and does not submit a requested instruction, and where the instructions given adequately covered the subject matter of inquiry, any error has been waived. *Battles v. State*, 732 P.2d 480 (Okl.Cr. 1987). Here the jury was instructed, *inter alia*, that they were to assess the credibility of the witnesses in light of the witnesses' ability to remember and relate past occurrences and the witnesses' means of observation and opportunity of knowing the matter about which the witness testified. Jury Instruction No. 3. This was sufficient to cover eyewitness testimony under the facts of this case and the record presented to us. This contention is without merit.

■ Appellant next asserts that he is entitled to an evidentiary hearing to determine if promises of leniency in addition to those disclosed at trial were made to witness Jessie Favier in exchange for his testimony. Appellant relies primarily upon *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); and *Binsz v. State*, 675 P.2d 448 (Okl.Cr.1984).

We initially note the concluding paragraph of *Binsz*, 675 P.2d at 451, which expressly specifies that the opinion has no precedential value and was published merely to record the disposition of the two cases. In *Howard v. State*, 738 P.2d 543 (Okl.Cr.1987), we relied upon *Runnels v. State*, 562 P.2d 932 (Okl.Cr.1977), *cert. denied*, 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179 (1977), which established a three-prong test to determine whether due process of law has been denied to a defendant upon the nondisclosure of a plea agreement between the State and the witness. It is not necessary for us to apply that test here, however, since the record reveals that the witness admitted on cross-examination that he entered into plea agreements regarding the crimes at issue here and at least three other charges. [Tr. 50–51]. Defense counsel had the opportunity at that time to inquire further as to the terms of these agreements and instead chose to stop his

questions. This assignment of error is therefore without merit.

■ In his sixth assignment of error, Appellant contends that the trial court erred in failing to give an instruction covering the need to exercise caution in evaluating the testimony of an informant, alleging that Jessie Favier was such an informant. Initially we note that defense counsel failed to object on this ground and failed to submit written requested instructions to the trial court. Therefore, unless the failure to instruct resulted in a miscarriage of justice or deprived the Appellant of a substantial right, no reversible error occurred. *Fisher v. State*, 736 P.2d 1003 (Okl.Cr.1987); 20 O.S.1981, § 3001.1.

■ We are convinced that Appellant was not deprived of a substantial right by the failure of the trial court to give an instruction on the credibility of informant testimony. The record does not support a finding that the alleged informant, Jessie Favier, provided evidence against Appellant for pay or for immunity from punishment. Appellant fails to note that Instruction No. 8 states that Favier was considered an accomplice and correctly instructs that a conviction cannot be based upon the testimony of such a witness unless his testimony is corroborated. While the evidence reflects that Favier was involved in the planning and commission of the offense, his testimony was corroborated by the store manager and three employees in placing the Appellant at the scene of the crime. In addition in Instruction No. 3, the jury was fully advised as to its role in evaluating the credibility of w. We find that Appellant was not prejudiced in any way by failure to give a cautionary instruction. *See Gee v. State*, 538 P.2d 1102 (Okl.Cr.1975). This assignment of error is without merit.

Appellant next contends that an evidentiary hearing is required to determine whether he was denied his Sixth Amendment rights because of ineffective assistance of counsel. Appellant claims his trial counsel was subject to a conflict of interest detrimental to Appellant and failed to investigate the case adequately and call available witnesses in support of Appellant's alibi defense.

■ The standard of review for ineffective assistance of counsel is two-pronged: first, an appellant must show that counsel's performance was deficient; second, an appellant must show that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that under the circumstances counsel's conduct constituted sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065.

■ Appellant herein alleges that his defense counsel was attorney of record for Tammy Favier prior to his court appointment as counsel for Appellant and that defense counsel lied when he told Appellant no conflict existed because he had spoken with Mrs. Favier and she was not going to testify. However, Appellant provides no evidence in support of his claim. The record indicates that Tammy Favier was endorsed as a witness for the State but did not testify. There is nothing in the record to suggest that she was called to testify and refused to do so on advice of Appellant's counsel. Appellant has failed to provide evidence sufficient to show any conflict of interest between defense counsel's representation of him in this matter and the non-appearance of a potential State witness.

■ Appellant also asserts that defense counsel failed to investigate the case thoroughly and to subpoena witnesses who could have supported his alibi defense. We first note the evidence against Appellant was substantial. We further examine this contention in light of the foregoing standard of review and find that Appellant has failed to show how testimony of witnesses he claims should have been presented at trial would have exonerated or exculpated him. We have repeatedly held that representation will not be deemed inadequate

208

because in hindsight trial strategy could have been different. *Stover v. State*, 674 P.2d 566 (Okl.Cr.1984). We find that the trial counsel's assistance does not appear to be deficient or to have prejudiced the defense. Therefore, this assignment of error is without merit.

■ Appellant asserts that he was subjected to multiple punishments for one criminal episode in violation of 21 O.S.1981, § 11, which prohibits punishment under more than one provision of the state penal code for an act. Appellant raises this issue for the first time on appeal; however, a claim of double jeopardy is so fundamental that it can be raised by this Court on its own motion, even if it was not adequately preserved for appeal. *Salyer v. State*, 761 P.2d 890 (Okl.Cr.1988).

Appellant urges us to resolve this issue by using the "same transaction" test, while the State argues the "same evidence" test is appropriate. In *Salyer* we examined the two distinct policies of law enforced by the double jeopardy clause and held that we generally apply the "same evidence" test when a series of acts are involved and a defendant is charged with several counts in a single information. *Salyer*, 761 P.2d at 893.

■ The State charged Appellant by information with two crimes arising from one criminal episode. We must determine whether the criminal episode involved separate and distinct offenses consisting of different elements or dissimilar proof. *Hunnicutt v. State*, 755 P.2d 105 (Okl.Cr.1988). Offenses are distinct and separate if they are not mere means to some other ultimate objective, are not offenses included in some other offense, or are not merely different incidents or facets of some primary offense. *Id.* at 110. If the elements of proof are different for each offense, then individual crimes occurred. *Id.*

■ Appellant contends that the shooting was part and parcel of the armed robbery and was committed so that the robbery could be consummated. The elements of robbery with a firearm are the wrongful taking of personal property of another in

possession of another from his person or immediate presence by force or fear through the use of a loaded firearm. 21 O.S.1981, § 791; 21 O.S.Supp.1982, § 801. The elements of assault and battery with a dangerous weapon are the commission of an assault and battery upon another by means of any deadly weapon as is likely to produce death. 21 O.S.1981, 652. In the instant case, the robbery was completed when Appellant took the bag of money from bookkeeper McHenry and store manager Kelly at the point of a gun. Had Appellant then fled the store, this would have been the only offense of which he could have been convicted. However, Appellant then accomplished the second crime by shooting Kelly with his gun, thus enabling the State to properly charge and convict him of the separate offense.

Appellant cites two cases in support of his contention. Both are distinguishable from this case. In *Bray v. Page*, 494 P.2d 339 (Okl.Cr.1972), this Court ruled that defendant should not have been tried and sentenced separately for attempted robbery with firearms and shooting with intent to kill. This Court held the same transaction test was appropriate because the defendant had been tried and convicted in *two separate proceedings* on the same set of facts. In *Smith v. State*, 486 P.2d 770 (Okl.Cr.1971), the defendant was subjected to *two trials* which resulted in convictions for assault and battery with a deadly weapon with intent to kill and for robbery with a dangerous weapon. This Court applied the same transaction test and found that the events were one criminal act and the defendant should not have been convicted of two offenses requiring the same set of facts. Here Appellant was convicted of both offenses in a *single trial.* Using the same evidence test, these offenses were separate and distinct. Appellant had accomplished the robbery before he fired the gun and committed the assault and battery with a deadly weapon. His focus had changed from robbery to the use of a loaded weapon on the store manager, and he completed that objective. We find no error.

Finally, Appellant asserts that the cumulative effect of the errors occurring at trial mandate that this case be remanded for new trial or, in the alternative, that the sentences be modified. We have held that an accumulation of error argument will be rejected where all of the alleged errors are meritless. *Weatherly v. State*, 733 P.2d 1331 (Okl.Cr.1987). None of the assignments of error herein have merit, and this assignment is rejected.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

LANE, V.P.J., and BRETT, J., concur.

PARKS, P.J., concurs in result.