McNeil *et al. vs.* Smith.

<hr>

JAMES MCNEIL *et al.,* plaintiffs in error, *vs.* JAMES M. SMITH, governor, for use, defendant in error.

Administration granted by the ordinary, in 1867, to the clerk of the superior court, did not place the administration under the security of the clerk's offi-

cial bond, given in February, 1866; and the clerk and his sureties are not liable, upon that bond, for a *devastavit.*

Administrators and executors.   Clerk of the Superior Court. Bonds.   Before Judge JAMES JOHNSON.   Talbot Superior Court.   March Term, 1875.

Reported in the opinion.

E. H. WORRILL; BLANDFORD & GARRARD, for plaintiffs in error.

W. A. LITTLE, by PEABODY & BRANNON, for defendant.

BLECKLEY, Judge.

The declaration was demurred to, and the demurrer was overruled.   The action was by the governor, for the use of the legatees of an estate upon which the ordinary had granted administration to the clerk of the superior court in 1867, the clerk having been elected in January, 1866, and given bond with security, in the usual form, in February, 1866.   The declaration was founded on this official bond, and alleged a *devastavit* by the clerk as administrator.   The question made by the demurrer was, whether the clerk and his securities on his bond, given in 1866, were liable upon the bond for the alleged *devastavit.*

The bond required of clerks of the superior court is the same in amount for each county in the State:   Code, section 266.   The bond to be given by administrators varies in amount with the value of the estate:   Code, section 2505.   If some clerks are administrators and others not, there is need for additional bonds from the former; and if some clerks have in their hands more valuable estates than others, there is need for heavier bonds in proportion to the greater value.   This will harmonize the two systems, of uniformity in clerks' bonds and variety in administrators' bonds.   Administration in no instance devolves upon the clerk by virtue of his office; he has to be appointed by

the ordinary, after citation, and may be appointed or not, (Code, sections 2495, 2496, 2497,) in the ordinary's discretion, under certain restrictions. He is compelled to serve, (Code, section 2495;) but so he was prior to the adoption of the Code, (20 *Georgia Reports*, 775;) yet it was ruled that the administration vested in the individual, and not in the officer, and was not transmitted with the office of clerk to the successor: 22 *Georgia Reports*, 431. It is difficult to see how a duty which remains to be performed, in part, and perhaps in the most material and responsible part, after the official term has expired, and after a successor has been elected and qualified, and is in full exercise of the ordinary functions of the office, can be treated as an official duty secured by the official bond.

In the present case, we have the less difficulty in holding that the clerk's securities are not liable, as the bond was given before the passage of the act of 1866, (Code, section 2495,) and as it does not appear that the *devastavit* complained of was committed while the clerk was in office as clerk. We do not say that were these two facts otherwise our judgment would be different, but they have some weight in shaping our opinion on the particular case before us.

Judgment reversed.