THOMAS M. MERRITT, plaintiff in error, *vs.* JACKSON M. GILL, defendant in error.

1. Objections to the award of arbitrators should be under oath.
2. Where the objections were not under oath, and the evidence introduced before the arbitrators was not before the court, there was no error in sustaining a demurrer thereto.
3. The bill of exceptions, duly certified to be true set forth, that it was tendered within thirty days from the adjournment of court, and the certificate of the judge, dated May 23d, stated that it was signed the day it was received.    The clerk certified that the court adjourned on April 21st: *Held*, that the recital in the bill of exceptions governed.    *Aliter*, if the clerk had certified that it appeared from the record in his office that court adjourned, etc.

Arbitrament and award.    Practice in the Supreme Court. Before Judge CRAWFORD.    Marion Superior Court.    April Term, 1877.

Reported in the decision.

B. B. HINTON & SON; S. C. ELAM, by Z. D. HARRISON, for plaintiff in error.

M. H. BLANDFORD; MILLER & BUTT, for defendant.

WARNER, Chief Justice.

This case was heard in the court below on a motion, in writing, to set aside an award of arbitrators, on the several grounds contained therein, to which the plaintiff demurred, which demurrer the court sustained, and the defendant excepted.

1, 2. It appears, from an examination of the record, that the objections to the award being made the judgment of the court, as contained in the defendant's motion, were not made on the oath of the party objecting, as required by the 4243d section of the Code. Nor does the evidence had before the arbitrators appear to have been before the court, at least, there is nothing in the record going to show that it was. There was no error, therefore, in sustaining the plaintiff's demurrer.

3. When this case was called for a hearing upon the docket, the defendant in error made a motion to dismiss it, on the ground that the bill of exceptions was not certified by the presiding judge within thirty days from the adjournment of the court. The clerk certifies that the court adjourned on the 21st day of April, 1877. The bill of exceptions states that it was tendered within thirty days from the adjournment of the court, and, on the 23d day of May, 1877, the judge certifies that the bill of exceptions is true, and the question is, which statement shall govern in this court, that of the judge, or that of the clerk, as to whether the bill of exceptions was *tendered* within thirty days from the adjournment of the court? The judge has the authority of law to certify as to the truth of the facts alleged in the bill of exceptions. The clerk has not the authority of law, by his mere certificate, to establish the fact of the adjournment of the court, so as to make the same legal evidence in this court, but he may certify, as he should do, that it appears from the record in his office, that the court adjourned on a certain named day (if such be the truth), and such certificate will be legal evidence, because he has the authority of law to make it; and then it would be the duty of this court to make the recital in the bill of exceptions conform to the record as to the time of the adjournment of the court. Code, § 4288. If, however, the bill of exceptions is not tendered to the judge within thirty days from the adjournment of the court, the judge should not certify that a recital therein to that effect is true—in other words, he should not certify

what is contained in the bill of exceptions is true, unless it be so. The motion to dismiss the case was overruled.

Let the judgment of the court below be affirmed.