*W. H. Payne* and *Copeland & Jackson*, for plaintiff in error.    *R. M. W. Glenn*, contra.

---

TOWNSEND *v.* WARREN *et al.*

*Atkinson, J.*—The law of this case is settled by the decision of this court in *Bently* v. *Terry*, 59 *Ga.* 555; and the evidence, though conflicting, being amply sufficient to sustain the judgment rendered by the ordinary upon the writ of *habeas corpus*, there was no error in overruling the *certiorari* and thus affirming that judgment.                    *Judgment affirmed.*

May 19, 1896.  Argued at the last term.

*Certiorari.*    Before Judge Turnbull.    Floyd superior court.    January term, 1895.

In August, 1894, W. F. Townsend presented to the ordinary his petition for *habeas corpus* against George W. and Mary Warren, alleging that he is the father of a child four years old named Addie, and as such is entitled to her custody; that defendants have the custody of the child and keep her confined on their premises, under the pretense that petitioner committed her to them to be by them controlled, reared and educated until she should arrive at the age of twenty-one; but that he never committed the custody of the child to them any longer than it was in accord with his wishes for her to remain with them, and he now desires to assume the custody, etc.    Respondents answered, that at the death of the mother of the child petitioner gave her to them to rear and educate as their own till she should be fully grown, he at the time not being able to care for her on account of her tender age; that it was at his earnest solicitation that they took the child to rear, and they then refused to take her unless he would renounce all right to her custody and control, which he did and delivered the

custody and control of the child to them; that they accepted the child upon these terms, and have cared and provided for her as their own and have become much attached to her; that they are able to care for and suitably rear her; that petitioner is very poor and cannot give the child such a home as she now enjoys; and that defendants have always allowed petitioner and the child's brothers and sisters to visit their home, and treated each of them with the utmost kindness. The evidence was conflicting as to the terms upon which petitioner committed the custody and control of the child to defendants. There was evidence that he is poor; that he has always provided well for his family, for a man in his circumstances, and was always kind and affectionate to his wife and children; that defendants are in easier circumstances than petitioner, and better able to provide for the child; that petitioner lives comfortably, though his home is not so good as defendants'; that petitioner has never contributed anything to the child's support since defendants have had her; and that they are good people, comfortably situated and able to raise and attend to a child. There was evidence that petitioner turned the child over to the defendants a few days after the death of his wife, when he was in great mental and financial trouble, having just lost his wife and gone through the expense of her illness. The ordinary awarded the custody to defendants, and this decision was sustained on *certiorari*.

*Fouche & Fouche*, for plaintiff.
*George A. H. Harris*, for defendant.