## DUGGAN *v.* LAMAR.

1. When a person dies intestate and without heirs, leaving an estate more than sufficient to pay his debts, the county school commissioner and treasurer of the public school fund in the county of the residence of the deceased, has such an interest, in his official capacity, as distributee of such estate as will entitle him to maintain a proceeding before the court of ordinary instituted for the purpose of requiring the administrator on such estate to give bond.
2. Where the clerk of the superior court has by the ordinary been appointed administrator of an estate, it is the duty of the ordinary, upon the application of any one interested in the estate as creditor, distributee or legatee, to require the administrator to give bond or be removed, there being no liability on the official bond of the clerk for his acts and doings as administrator; provided the petitioner in such application for bond presents the name of some fit and proper person who is willing to take the administration and who will give bond and security as such administrator.

Submitted March 21,—Decided April 19, 1899.

Appeal.    Before Judge Reese.    Hancock superior court. February 11, 1898.

*James A. Harley,* for plaintiff.
*F. L. Little, Hunt & Merritt* and *R. H. Lewis,* for defendant.

SIMMONS, C. J.    M. L. Duggan filed his petition to the court of ordinary, alleging that he was the county school commissioner of Hancock county and treasurer of the school funds of that county, and that he had qualified as such and given bond for the faithful discharge of his duties; that one Babcock had died in the county of Hancock, intestate, leaving a considerable estate and no heirs; that the said estate consisted of personal property; that the estate would become a part of the school fund of the county, and that he, as treasurer of the school fund, was the only person interested as distributee or otherwise.

He set out the value of the estate and the appointment of Lamar, the clerk of the superior court, as administrator by virtue of his office as such clerk; and alleged that Lamar had been required to give no bond as administrator, and had given none, although he had taken possession of the estate and had sold a part of the same. He prayed that Lamar be required to give bond as provided by statute in such cases, or, in default thereof, that he be removed as administrator. The petition named Duggan himself as a 'fit and proper person to be appointed administrator, and alleged that he was able and willing to take the administration and give the bond required by law. At the hearing of the case before the ordinary, Lamar demurred, and for cause of demurrer said that "petitioner shows no right or interest either to the relief sought or to any other relief," and that "the board of education of Hancock county or the county school commissioner who is the petitioner in this case have nothing to do with the matter; if the Babcock estate escheats, it escheats to the State and not to the board of education of Hancock county nor to the commissioner of education of said county." This demurrer was sustained by the ordinary; whereupon the petitioner appealed to the superior court. There the trial judge likewise sustained the demurrer and dismissed the petition, to which judgment exception was taken.

Section 3373 of the Civil Code provides, that "Where any person is appointed administrator on any estate without being required to give bond and security, any person interested in such estate, as creditor, distributee or legatee, may require the person so appointed administrator to give bond and security as administrator, and in default thereof be removed; *Provided*, the person moving to have the bond and security given or the administrator removed shall present the name of some fit and proper person who is willing to take the administration and who will give bond and security as such administrator." Section 3578 declares: "The proceeds of escheated property shall be paid, in each county, to the ordinary or other treasurer of the educational fund of such county, to become a part of such fund." If the allegations of the petition are true, and they are on demurrer to be taken as true, Babcock died in-

testate and without heirs. Under the Civil Code, § 3575 et seq., his estate would necessarily escheat to the State, and section 3578 provides for its distribution to the school fund of the county. Under these sections, we think the county school commissioner and treasurer of the educational fund of the county, in his official capacity, has such an interest in this estate as to authorize him to maintain this proceeding to require the administrator to give bond. If there are no heirs and Babcock's estate escheats, the treasurer of the educational fund of the county would be the sole distributee and would be entitled to receive the fund.

The code requires the ordinary, when any person dies intestate leaving an estate and no one applies for the administration, to vest the administration in the clerk of the superior court where there is no public administrator. When the administration is thus vested in the clerk of the superior court, the law does not require him in the first instance to give bond; but when any creditor, distributee or legatee petitions the ordinary for an order to require the clerk to give bond as administrator, it is the duty of the ordinary to grant the order, provided the applicant names some fit and proper person, who is willing and able to take the administration and give the bond and security, for appointment in the event the clerk fails to give the bond. The bond given by the clerk of the superior court for the faithful discharge of his duties as clerk is not the bond required of him as administrator. Neither he nor his sureties are liable upon his bond as clerk for any devastavit he may commit as administrator. *McNeil* v. *Smith*, 55 *Ga.* 313. Where the clerk has been appointed administrator and has given no bond, the provisions of section 3373 of the Civil Code apply to him as to any other administrator who has not given bond. We think therefore that the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concurring, except Cobb, J., who was disqualified.*