SOUTHERN RAILWAY CO. *v.* FLEMISTER, and *vice versa.*

1. The clerk of a court of record being the custodian of its records and files, what appears in a transcript of the same duly certified by the clerk will be accepted in preference to what appears in a certificate of the judge.

2. But as to matters which transpire during the progress of a trial or in the conduct of the business of the court, which are not of record or of file, not being in books or documents of which the clerk is the lawful custodian, the statement of the judge will control.

3. Where, therefore, a clerk of such a court certified that no entry appeared on the minutes showing when a given term of the court adjourned, a statement by the judge, in an order overruling a motion to dismiss a motion for a new trial, and an averment in a duly verified bill of exceptions assigning error upon the refusal to grant a new trial, that the motion was filed in term, will be allowed to control.

4. Where no proper evidence is furnished to the Supreme Court as to when a term of a trial court adjourned, it will be presumed that the session continued as long as the judge took jurisdiction of matters which could only be considered in term.

5. A father loses the right to sue for and recover the value of his minor child's services by voluntarily releasing his parental control to a third person, or by failing to provide for his or her maintenance.

6. The evidence demanded a finding that the plaintiff had lost all parental control over his child in both of the ways indicated in the preceding note.

Argued June 10,—Decided July 12, 1904.

Action for damages.    Before Judge Hollingsworth.    City court of Fayetteville.    November 10, 1903.

*Arthur Heyman, J. W. Wise,* and *A. O. Blalock*, for Southern Railway company.    *E. E. Spurlin* and *J. F. Golightly*, contra.

COBB, J.    Robert Flemister sued the Southern Railway Company for damages.    The defendant had settled with the plaintiff. A verdict was returned in favor of the plaintiff for the use of his counsel.    The defendant excepts to a judgment refusing to grant it a new trial, and the plaintiff by cross-bill excepts to the refusal of the court to dismiss the motion for a new trial.

1–4.    The assignment of error in the cross-bill of exceptions will be first considered.    Applications for new trials must be filed

in term, but may be heard in vacation. Civil Code, § 5484 ; *Jinks* v. *State*, 115 *Ga.* 243. The motion for a new trial in the present case was presented to the judge and rule nisi signed thereon on October 14, 1903. The case was tried on October 13, 1903, and the verdict returned about 10 o'clock p. m., of that day. The question as to whether the motion to dismiss was well taken depends upon whether the court adjourned for the term on October 13. The cross-bill of exceptions recites that "the court was not in session" on October 14, and that "no business whatever of the court was transacted except signing the rule nisi on movant's motion," which was presented to the judge "at his place of business," and the rule nisi signed by him there. In disposing of the motion to dismiss, the judge passed the following order: "The within motion to dismiss, after hearing argument, is overruled, it appearing that the motion for new trial was made and filed during the term of court and while the same was in session and before adjournment thereof." The main bill of exceptions recites that the motion for a new trial was filed during the term at which the trial was had. In his original certificate to the record the clerk certified that the October term of the court "adjourned October 13th, 1903," adding that all of the facts certified to appeared "from the records and minutes of" the court. This certificate was dated December 7, 1903. When the case was called for argument in this court, counsel for the railway company filed a suggestion in writing, setting forth that this certificate was erroneous, and attaching to such suggestion another certificate of the clerk, dated June 9, 1904, certifying in substance that the first certificate was erroneous ; that there was no entry or order on the minutes or records of the court showing when the court adjourned ; that an inspection of the minutes showed that the term was not adjourned on October 13, but that the term was open on October 14, and that orders were passed by the judge on that date as of the October term, and were duly entered on the minutes. Thereafter this court passed an order directing the clerk to certify and transmit to this court "copies of any orders or entries in reference to the adjournment of the October term, 1903, of said court, which appear on its minutes; and in the event that no such orders or entries appear, the clerk shall certify to that effect." In response to this order the clerk certified "that there was no order issued

by the Judge of said City Court of Fayetteville, adjourning it at the October term, nor does such an order appear on the minutes of said court. It does appear from the minutes that said court was in session October 14, which was the last day of its session at said term." The sole question is whether the court adjourned on October 13.

Treating the statement made as to the adjournment of the court in the certificate of December 7 as a proper subject-matter for certificate by the clerk, if nothing more had appeared, this court would be bound by that certificate, notwithstanding the judge may, in certifying to the cross-bill of exceptions have made a contrary statement. The judge's certificate can not contradict a matter of record duly authenticated by the clerk's certificate. The clerk is the custodian of the records and files in his office, and what they contain properly appears only in a transcript therefrom, duly certified by the clerk. See *Merritt* v. *Gill*, 59 *Ga.* 459; *Lamb* v. *State*, 73 *Ga.* 587; *Dismuke* v. *Trammell*, 64 *Ga.* 428; *Smith* v. *R. Co.*, 83 *Ga.* 675; *Adams* v. *Holland*, 101 *Ga.* 45; *Rushing* v. *Willingham*, 105 *Ga.* 166 (1). The clerk's certificate of June 9, 1904, can not be looked to for any purpose, but acting upon the suggestion of counsel that the first certificate was erroneous, we directed the clerk to certify, not his conclusions, but copies of any orders or entries in reference to the adjournment of the October term, which appeared on the minutes; and if no such orders or entries appeared, to certify to that effect. These were the only things to which the clerk could properly certify in reference to the matter. The statement in the certificate that the court was in session on October 14 must be disregarded as surplusage. *Merritt* v. *Gill*, 59 *Ga.* 459; *Lamar* v. *Pearre*, 90 *Ga.* 378 (2). The matter, therefore, is left in this condition. There is no entry on the minutes showing when the court adjourned. Not being a matter of record, any statement by the clerk as to when adjournment took place must be disregarded. It not affirmatively appearing that the court adjourned on October 13, the presumption would be that the term was open when the judge took jurisdiction of a matter which he could consider only in term. In addition to this, the judge in overruling the motion to dismiss expressly stated that it appeared that the term had not adjourned, and in the main bill of exceptions so certified. Of course if the minutes had

shown that the court had adjourned, these statements of the judge would count for nothing, but they are controlling in view of the clerk's certificate that there is no such entry on the minutes. But it may be said that the judge certified the cross-bill of exceptions to be true, and that there are therefore two conflicting statements of the judge, one that the court was not in session on October 14, as stated in the cross-bill of exceptions, and the other that the court had not adjourned on that date, appearing in the order over-ruling the motion to dismiss and in the main bill of exceptions. We incline to think that even if the statements do conflict, the statement in the order, being matter of record and dealing with the particular question, would control in preference to a mere general statement in the bill of exceptions. But the judge did not give an unqualified certificate to the cross-bill of exceptions; his certificate in effect showing that court was held open until after the rule nisi on the motion for a new trial was granted. It follows that the motion to dismiss the motion for a new trial was properly overruled.

5–6. The action was by a father for the value of the services of a daughter seven years of age, which services the plaintiff claimed to have lost by reason of her negligent homicide by the defendant. The defendant had settled with the plaintiff, and the suit was prosecuted by his attorney, who, under his contract of employment, had an interest in the recovery for his fee. The motion for a new trial was based upon the general grounds only. Two questions are raised: first, whether there was any evidence showing that the child's services were of any pecuniary value; and second, whether, if so, the plaintiff had released his right to claim compensation for such services. Inasmuch as we are of opinion that the evidence demanded a finding in favor of the defendant on the second question, we need not consider whether or not a finding in favor of the plaintiff was warranted on the first. The code provides that until majority a father is entitled to the services of his child and the proceeds of his labor; and that this parental power is lost "(1) by voluntary contract, releasing the right to a third person; (2) by consenting to the adoption of the child by a third person; (3) by the failure of the father to provide necessaries for his child, or his abandonment;" and by other acts of the father not necessary to be specially alluded to here. Civil Code, § 2502. The grandmother of the deceased child, whose

name was Mary, testified as follows: "I was Mary's grand-mother. Her mother gave her to me on her deathbed when Mary was about two years old. Her mother told me to take her little children, Matilda, Mary, and Lige, and keep them and care for them until they were grown. Her husband was there at the deathbed at the time, and gave his consent. After my daughter's death I took them. Matilda was four years old, and Lige was six months old. I kept Mary from that time until her death. I fed her and lodged her and clothed and nursed her when she was sick. I would dress her in the morning and put her to bed at night. I did everything for her. Robert Flemister, her father, did not do anything for her, or any of his children, from the time his wife died. He did not look after them. Robert Flemister did not stay at my house. He gave these children to me, and I was to keep them until they got grown. . . Her father Robert Flemister did not contribute anything to her maintenance or support. He did not exercise any authority over her, nor do anything for her. My daughter Cely gave me that child, and Robert was willing to it." This evidence was absolutely uncontradicted, and was substantiated in every material particular by that of the grand-father, who also testified that about a year before the child's death the father went away and nothing was heard from him until some time after she was killed. The father was not at the trial, and the two witnesses above referred to testified that they did not know his whereabouts. None of the evidence above set out was contra-dicted in any material particular. It demanded a finding that the father had released all parental control over the child both by vol-untary contract and by failing to provide for the child for five years. See *Bentley* v. *Terry*, 59 *Ga.* 555; *Stroup* v. *Chase*, 94 *Ga.* 410; *Townsend* v. *Warren*, 99 *Ga.* 105; *Carter* v. *Brett*, 116 *Ga.* 114. Having released all parental control and all right *to* the services of his child, the father necessarily lost the right to sue for and recover the value of such services. *Savannah Ry. Co.* v. *Smith*, 93 *Ga.* 742 (1). It follows that a new trial should have been granted. As the plaintiff would not have been entitled to recover had he been suing for his own benefit, no recovery could be had by him for the benefit of his attorney. *Atlanta Ry. Co.* v. *Owens*, 119 *Ga.* 833.

*Judgment reversed. All the Justices concur.*