WEST v. EMBREE.

1. Where there is a conflict between the bill of exceptions and the record as to matters which form a part of the record, the latter will control.
2. The trial court did not err in remanding the minor child to the custody of the defendant.

APRIL 10, 1917.

Habeas corpus. Before Judge Bell. Fulton superior court. August 3, 1916.

T. J. Lewis, for plaintiff. W. W. Tindall, for defendant.

GILBERT, J. P. C. West filed his petition for the writ of habeas corpus, for the purpose of obtaining the release of his minor daughter, who, he alleged, was illegally detained by the defendant, the matron of the Georgia Training School for Girls. The minor daughter had been committed to that institution by a judgment rendered in the juvenile court of Fulton county. The petition, which on various constitutional grounds attacked the act of the General Assembly approved August 16, 1915 (Acts 1915, p. 35), creating said court, was demurred to by the defendant. The court passed the following order therein: "On hearing of the demurrer herein it is hereby decided and ordered that defendant need not answer to any of the complaints of paragraphs of the petitioner's complaint as demurred to in its demurrer, except such as are neces-

sary to the completeness and integrity of the whole act of 1915."
The court remanded the minor to the custody of the defendant.
The plaintiff excepted.

1. The bill of exceptions filed by the plaintiff assigns error on
the judgment of the court construed as overruling the demurrer;
whereas in fact the language of the order passed by the court is
too indefinite to become effective as a judgment of the court. It
can not be determined therefrom what portions, if any, of the
petition were stricken, nor what grounds of the demurrer were
sustained. The bill of exceptions asserts that the court sustained
the demurrer; whereas the record demonstrates that there was no
valid and effective ruling made by the court. Where there is a
conflict between the bill of exceptions and the record as to matters
which form a part of the record, the latter will control. · *Dismuke*
v. *Trammell,* 64 *Ga.* 428; *Rushing* v. *Willingham,* 105 *Ga.* 166 (31
S. E. 154); *Sweatman* v. *Wall,* 111 *Ga.* 871 (36 S. E. 954);
*Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 524, 527 (48 S. E. 160).

2. The case was decided upon an agreed statement of facts as
follows: "Mattie West, the child whose custody is the issue in
this case, was committed to the Georgia Training School for Girls
under the order as set out in the petition of plaintiff; that she is
held by the matron of said Georgia Training School for Girls by
no other authority, and that she is not free to leave said Georgia
Training School for Girls until the matron thereof shall deem it
advisable and so recommends same." The court below did not
decide any of the constitutional questions in regard to the act ap-
proved August 16, 1915, which is the subject-matter of attack in
the plaintiff's petition. This court can not review any question
not decided by the trial court.

The court did not err in remanding the minor child to the cus-
tody of the defendant.

*Judgment affirmed. All the Justices concur.*