## SMITH v. SMITH.

FISH, C. J. Upon the presentation of a petition for injunction to the judge of the superior court, he granted a temporary restraining order, and required the defendant to show cause on a given date, before the appearance term, why an interlocutory injunction should not be granted. At the hearing on that date the defendant demurred to the petition. An amendment to the petition was offered, to which the defendant objected. The amendment was not allowed. The court thereupon rendered the following judgment: "Upon hearing the within petition, demurrer, and answer to said petition, as stated in the restraining order granted by the court on March 4, 1919, [for] the relief sought therein, said petition is hereby denied, and the temporary restraining order granted is hereby dissolved." Petitioner sued out a bill of exceptions in which the only assignments of error were as follows: "To the refusal of the court to allow said paper as an amendment, the plaintiff in error excepted, and now excepts and assigns the same as error, upon the ground that said refusal was contrary to law. To the order and ruling dismissing said petition plaintiff in error excepted, now excepts, and assigns the same as error, upon the ground that it was contrary to law. Having refused to allow the petition to be amended as above recited, and such rulings being controlling, as plaintiff in error contends, which entered into and affected the further progress and final result of the case, the court erred in passing said ruling and order and in permitting same to be entered. To the action of the court in passing said ruling and order and permitting same to be entered, the plaintiff in error excepted, and now excepts, and assigns the same as error upon the ground that same was contrary to law, and that the court having refused the petition to be amended and such refusal, as plaintiff, in error contends, being controlling in effect, the said ruling and order could not be and are not a legal termination of the case." No error being assigned upon the refusal of an interlocutory injunction, and as a writ of error will not lie to the disallowance of an amendment alone, and as the judge's order, which must control a recital in a bill of exceptions, shows that the petition was not dismissed (the judge could not have done so in vacation), it is held that the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur, except Atkinson, J., absent.*

No. 1379. NOVEMBER 17, 1919.

Writ of error; from Laurens.

*W. C. Davis* and *A. N. Silas,* for plaintiff.

*M. H. Blackshear,* for defendant.