13335. HARDWICK, Governor, for use, etc., *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

1. In a suit brought in the name of Thomas W. Hardwick, Governor, suing for the use of Connie E. Harvey, upon the official bond of a clerk of the superior court, an affidavit in forma pauperis, in due form, by the usee alone, is sufficient to prevent a dismissal of the bill of exceptions for non-payment of costs.

2. The sureties upon the official bond of a clerk of the superior court are not liable thereon for his default as a guardian appointed by the ordinary under the provisions section 3039 of the Civil Code.

Action on bond; from city court of Houston county — Judge Riley. January 16, 1922.

Application for certiorari was denied by the Supreme Court.

Thomas W. Hardwick, Governor, suing for the use of Connie E. Harvey, sued the Fidelity and Deposit Company of Maryland as surety upon the official bond of C. H. Hardison as clerk of the superior court of Houston county, alleging that Hardison was

elected clerk of the superior court of that county on November 17, 1916, for the period of four years beginning January 1, next thereafter, and that before entering upon his duties as such clerk he gave bond as required by law in the sum of $3,000, with the defendant in error as surety, conditioned for the faithful performance of his duties as clerk of the superior court for such term; that, while serving under such bond as such clerk, he was by the ordinary appointed as guardian for the plaintiff in error, and that as such guardian he received moneys in the sum of $2,153.48, belonging to her as his ward, which he wrongfully appropriated to his own use; that he is insolvent and in bankruptcy; and that he was not required by the ordinary to give any bond as guardian. It is alleged that Hardison has thus breached the bond so given by him as clerk of the superior court and that his surety is liable to the plaintiff for his default as such guardian.

The defendant filed a general demurrer, which the trial court sustained.

*Gilbert C. Robinson,* for plaintiff.

*Jones, Park & Johnston, A. M. Lamar,* for defendant.

BELL, J.    (After stating the foregoing facts.)    The first headnote is not intended to rule that there is to be no liability in any case for costs against the party in whose name a suit may be brought for the use of another.    Indeed, the contrary appears to be the general rule.    *Fain* v. *Garthright,* 5 *Ga.* 6 (1); *Hargraves* v. *Lewis,* 6 *Ga.* 207 (3); *English* v. *Register,* 7 *Ga.* 387 (2); *Shanks* v. *White,* 36 *Ga.* 432 (4); *Union City &c. Co.* v. *Wright,* 138 *Ga.* 703 (2) (76 S. E. 35).    If in an action for the alleged breach of an official bond of the nature involved in the instant case it is necessary or proper for the prosecution of the case by the party alleged to have been aggrieved that the name of the Governor be employed as a nominal plaintiff therein, the same should be permitted as a matter of public policy, without any liability upon that official for costs.    On the other hand, if the name of the Governor was here not necessary for such purpose at all (see section 12 of the Civil Code), the language of the pleadings in so far as the name of such nominal party is employed should be disregarded as surplusage (see *McElmurray* v. *Harris,* 117 *Ga.* 919, 43 S. E. 987), and again the liability for costs would not attach. In either view, the only person here liable for costs is the one

having the sole interest in the cause, Connie E. Harvey. There-fore, the affidavit in forma pauperis duly made and filed by her is sufficient to hold the case for a hearing.

2. Did the suit set forth a cause of action? A similar question has been determined by the Supreme Court in cases of clerks who were not guardians, but administrators, In *McNeil* v. *Smith,* 55 *Ga.* 313, it was held that the sureties upon the official bond of a clerk of the superior court are not liable for a devastavit by the clerk as administrator. This case is cited approvingly in *Duggan* v. *Lamar,* 106 *Ga.* 855 (2) (33 S. E. 43). In *Beale* v. *Hall,* 22 *Ga.* 431, it was held that when a clerk of the superior court is appointed as administrator, his commission as administrator does not expire with the expiration of his commission as clerk. It would seem, therefore, that his duties as administrator are not any part of his duties as clerk. Section 3039 of the Civil Code (1910) provides that " If there be no application for letters of guardianship, and a necessity for a guardian exists, the ordinary, after giving notice for thirty days, may vest such guardianship in the county guardian, clerk of the superior court of the county, or in any person or persons residing in said county, whom he shall deem fit and proper in his discretion, requiring bond and security as in other cases." Section 3047 provides: " Every guardian appointed by the ordinary, before entering on the duties of his appointment, shall take before the ordinary an oath, or affirmation, well and truly to perform the duties required of him as guardian, and faithfully to account with his ward for his estate; and shall also give bond with good and sufficient security, to be approved by the ordinary, in double the amount of the supposed value of the property of the ward for the faithful discharge of his duty as guardian; such bond shall be payable to the ordinary and his successors. A substantial compliance as to all matter of form shall be sufficient." We are of the opinion that the provisions of law with reference to the appointment of a clerk of the superior court as guardian are in all material respects the same as those which authorize the appointment of the clerk of the superior court as administrator, so far as the question presented by the present case is concerned. Counsel for the plaintiff in error seeks to distinguish the cases of *McNeil* v. *Smith,* supra, and of *Duggan* v. *Lamar,* supra, from the case at bar, but we are unable so to do. We think they are controlling on the question here presented.

The fact that the ordinary failed to require of Hardison any bond as guardian does not alter the case. As we have seen, it is provided by the code that he should have done so, and the very fact that such is the law would seem to afford a good reason for concluding that a bond given by one as clerk of the superior court does not cover duties which he might be required to perform under an appointment as guardian.

Since every guardian, whether he be the clerk of the superior court or some other person, is required to give a bond, we think that the remarks of Judge Bleckley in the case of *McNeil* v. *Smith,* supra, may be quoted with some aptness in the case now under consideration: "The bond required of clerks of the superior court is the same in amount for each county in the State: Code section 266. The bond to be given by administrators varies in amount with the value of the estate: Code section 2505. If some clerks are administrators and others not, there is need for additional bonds from the former; and if some clerks have in their hands more valuable estates than others, there is need for heavier bonds in proportion to the greater value. This will harmonize the two systems, of uniformity in clerks' bonds and variety in administrators' bonds." It was said by him also in the same connection: "Administration in no instance devolves upon the clerk by virtue of his office; he has to be appointed by the ordinary after citation, and may be appointed or not, in the ordinary's discretion, under certain restrictions." We see no reason why the same should not also be true in case of his appointment as a guardian.

It may also be pertinent to quote from the case of *Beale* v. *Hall,* supra, wherein it is said (p. 450): "The clerks are mentioned (in the statutes designating who may be appointed as administrators), not to control the discretion of the ordinary, but simply as a legislative indication of persons to whom, from their position, it might be safe to commit so important a trust. The administration when granted vests in the person to whom it is committed, to be revoked or vacated as ordinary administrations." Likewise, the appointment of a clerk of the superior court as guardian is not to attach the office of guardian to that of clerk of the superior court, but simply to name as guardian the person who is clerk, in pursuance of the statutory suggestion as to the proper person upon whom to bestow the trust.

We conclude, therefore, that the surety on the official bond of Hardison as clerk of the superior court was not liable for his default as guardian.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*