## 17339. SLIGH *v.* SMITH *et al.*

1. Where a suit in trover was amended, to show that after it was filed the plaintiff transferred to a named person all of his rights to the fruits of the litigation, and to provide that the suit should thereafter proceed "for the use and benefit" of the transferee, and where, after a verdict "in favor of the plaintiff," in which no person was directly named, the defendant filed a motion for a new trial, it was proper that the service of the motion be made upon the original plaintiff, and not upon the transferee and usee named in the amendment to the petition; and this is true notwithstanding the judgment entered upon the verdict was in favor of the usee without mentioning the original plaintiff.

2. Under the facts of this case there was no error in the refusal to dismiss the motion for a new trial for want of service upon the usee.

DECIDED DECEMBER 20, 1926.

Trover; from Ben Hill superior court—Judge Crum. March 2, 1926.

*R. D. Smith,* for plaintiff.

*J. B. Wall, A. J. McDonald,* for defendants.

BELL, J. H. K. Sligh brought an action of trover against Mrs. S. L. Smith for the recovery of a certain automobile. In an amendment to the petition the plaintiff alleged that since the filing of the suit the plaintiff "transferred for value to Mrs. Anna C. Sligh all of plaintiff's rights to the fruits of this litigation, and plaintiff therefore prays that said suit proceed for the use and benefit of the said Mrs. Anna C. Sligh." This amendment was allowed without objection or exception. The jury found a verdict "in favor of the plaintiff." No person was named in this verdict, but the judgment rendered thereon ordered and adjudged "that the plaintiff, Mrs. Anna C. Sligh, recover," etc. The defendant, Mrs. Smith, filed a motion for a new trial, entitled as in the case of H. K. Sligh versus Mrs. S. L. Smith. Service of this motion was made only upon H. K. Sligh. Counsel representing Mrs. Sligh thereafter moved to dismiss the motion, upon the ground that service upon H. K. Sligh was ineffectual as service upon Mrs. Sligh and that she, the real party, had not been served with a copy of the motion. The court overruled the motion to dismiss and, after hearing the motion for a new trial upon its merits,

New Trial, 29 Cyc. p. 937, n. 36 New.
Parties, 30 Cyc. p. 38, n. 32.
Pleading, 31 Cyc. p. 484, n. 40.
Trover and Conversion, 38 Cyc. p. 2044, n. 56.

granted it. The bill of exceptions brought to this court assigned error upon the refusal to dismiss the motion for a new trial for want of service, and also on the judgment granting the new trial. There is no contention in the brief of counsel for plaintiff in error that the final judgment is erroneous unless it is so because of the alleged antecedent error in the refusal to dismiss the motion for a new trial.

Thus, the only question for decision is whether H. K. Sligh, the original plaintiff, was the proper person upon whom to perfect service of the motion for a new trial. The suit, after amendment, continued with the same plaintiff, but with the express allegation that it should proceed "for the use and benefit of the said Mrs. Anna C. Sligh." In *Norcross Co.* v. *Summerour,* 114 *Ga.* 156 (3) (39 S. E. 870), the Supreme Court said: "The mere fact that a plaintiff in his pleadings declares his intention of suing for the use of a third person does not raise any question as to the liability either of the plaintiff or of the defendant to such third person. The words declaring the intention to use the recovery for the benefit of another are, as to the defendant, harmless surplusage. He is not concerned in what disposition is to be made of the recovery." See further, in this connection, *Dunlap-Huckabee Auto Co.* v. *Central Ga. Automotive Co.,* 31 *Ga. App.* 617 (122 S. E. 69), and cases cited.

Although a use plaintiff is sometimes referred to and regarded as the real party at interest, it would seem that Mrs. Sligh could not be considered as such under the facts of the instant trover case. The original plaintiff continued to be the plaintiff for the purposes of the record and of enforcing the rights of the usee. It follows that it was proper to make service of the motion for a new trial upon H. K. Sligh, the original plaintiff, and not upon Mrs. Sligh. This conclusion is not altered by the fact that the judgment was in favor of Mrs. Sligh, the usee, without mention of H. K. Sligh. The judgment did not conform to the record, as it should have been in favor of the original plaintiff or in his favor for use, etc. An irregularity in the judgment could not affect the procedure to be had on the motion for a new trial, and did not operate to require service upon the use plaintiff. *Bullock* v. *Dunbar,* 114 *Ga.* 754 (7) (40 S. E. 783); *Adams* v. *Carnes,* 111 *Ga.* 505 (4) (36 S. E. 597).

We do not here decide that in every case by one person as plaintiff· for the use of another the defendant must serve the nominal plaintiff, and not the usee, with proceedings of which service is necessary to be made upon the plaintiff or opposing party. There may, perhaps, be cases in which the nominal plaintiff is so wholly without interest in the suit, or the results thereof, as to make the usee the proper person upon whom to perfect any service required to be made in behalf of the defendant. See, in this connection: *Yatesville Banking Co.* v. *Fourth Nat. Bank,* 10 *Ga. App.* 1 (4) (72 S. E. 528); *Morse* v. *Turner,* 20 *Ga. App.* 108 (1) (92 S. E. 767); *Hardwick* v. *Fidelity & Deposit Co.,* 29 *Ga. App.* 567 (1) (116 S. E. 220); *Wynn* v. *Maddox,* 33 *Ga. App.* 87 (125 S. E. 516); *Craig* v. *Webb,* 70 *Ga.* 188 (1); Civil Code (1910), § 6176; 30 Cyc. 36-38; Tedrick *v.* Wells, 152 Ill. 214· (38 N. E. 625); McCormick *v.* Fulton, 19 Ill. 570. Since this is a trover case, and since· it is true that in cases of this character there can be no recovery by the plaintiff unless he had title at the institution of the action (*Dunlap &c. Co.* v. *Central Ga. &c. Co.,* supra), the original plaintiff in the present case can not be regarded as a nominal and formal party only; and since it is further true that the amendment making the suit proceed in his name for the use of another appears to have been altogether unnecessary, adding surplusage only, the service of the defendant's motion for new trial was properly made upon the original plaintiff, irrespective of what might be the rule in cases of a different character, as where the person in whose name the case proceeds· for the use of another is a nominal and formal party only.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*