24975. PIERCE *v.* THE STATE.

DECIDED OCTOBER 18, 1935.

*Maddox & Griffin,* for plaintiff in error.
*Lamar Camp, solicitor,* contra.

GUERRY, J. After conviction in the city court, the defendant filed his motion for new trial, which was set for hearing on April 15. On that day he presented to the judge a brief of the evidence and an amendment to the motion. The amended motion was left with the judge for examination, and defendant's attorney later received notice from the judge as to certain suggested changes and corrections, which were made, and the grounds of the motion were approved by the judge on April 23. Counsel for defendant then asked the judge if he desired the papers left with him or if he wished to rule on them at that time. The judge inquired of counsel if the solicitor had been served with the brief of evidence and amended motion for new trial; and upon being informed that the solicitor had not seen them, the solicitor was called. When the solicitor was asked whether he had anything to say before the motion was passed on, he stated that he had not been served with the motion and had not waived service; and he thereupon moved to dismiss the motion on that ground. The judge stated that he would sustain the motion to dismiss. Counsel for the movant stated that the original motion did not appear to be in the papers, and that he did not know whether the solicitor had been served or not, but that he would get the original papers and see. No order was taken at that time, and counsel left to get the original motion to show to the court as to the entries thereon. An hour or more later, while

counsel for defendant was not present, the court passed an order reciting that it appeared that no copy of the rule nisi issued on the original motion for new trial had been served on the State, and no acknowledgment or waiver of service, and thereupon the motion of the solicitor was sustained and the motion for new trial dismissed. Copies of the original motion of record in the case show that in fact there was no entry of service or acknowledgment of service or waiver thereof.

The court did not err in dismissing the motion for lack of service. It was not necessary that counsel be present when the order of dismissal was passed.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*