CARMICHAEL *v.* CITY OF JACKSON *et al.*

No. 14181. SEPTEMBER 18, 1942. REHEARING DENIED OCTOBER 14, 1942.

*Joel B. Mallet,* for plaintiff in error.

*Claude Christopher, Maddox & Futral,* and *Beck, Goodrich & Beck,* contra.

BELL, Justice. 1. "In all applications for a new trial the op-

posite party shall be served with a copy of the rule nisi, unless such copy is waived." Code, § 70-306. The term "opposite party," as used in this section, will include all persons, if more than one, who were parties to the case and who are interested in sustaining the verdict. Code, § 102-102 (4); *Hodnett* v. *Douglass*, 124 *Ga.* 994 (53 S. E. 687). It is insisted by the plaintiff in error that the order upon which the intervenors stand appears to be a mere ex parte order granted at chambers, without notice to the defendant or his attorney, and therefore should be treated as ineffectual for the purpose of making parties. Whether, if all this appeared, the order should be treated as void, we need not determine, being of the opinion that the record and the bill of exceptions considered together are not susceptible of the construction urged. See, in this connection, Code, §§ 3-404, 3-412, 3-413.

While the order purporting to make the intervenors "parties plaintiff in fi. fa., with all the rights of the original plaintiff," and with authority "to appear and defend said levy," does not affirmatively show that it was rendered in term, or that any rule nisi was issued and served upon the defendant, or that notice was otherwise given to him before the order was passed, neither does it show that it was passed in vacation or without the knowledge and consent of the opposite party or his attorney. "When an order appears in the transcript of the record which could be regularly and properly granted by the superior court in term time only, and there is nothing to show that it was in fact granted at chambers or in vacation, the presumption is that it was granted in term." *Skinner* v. *Roberts*, 92 *Ga.* 366 (17 S. E. 353). See *Palmer Brick Co.* v. *Woodward*, 135 *Ga.* 450 (75 S. E. 480). Also, if notice to the defendant or his attorney before the order was passed was necessary in order to make it valid, it will be presumed, until the contrary appears, that such notice was given. *Woodbery* v. *Atlas Realty Co.*, 148 *Ga.* 712 (4) (98 S. E. 472); *Schulze* v. *Schulze*, 149 *Ga.* 532 (2) (101 S. E. 183); *Green* v. *Spires*, 189 *Ga.* 719 (2), 722 (7 S. E. 2d, 246).

Although it is recited in the bill of exceptions that at the time the motion to dismiss the motion for a new trial was made counsel for the defendant stated in his place "that he did not recall ever seeing or having any knowledge of said intervention," and "the court had no independent recollection of said petition and order,"

these recitals do not conclusively rebut such presumption of notice or waiver of notice, in view of the statements in the judgment complained of, to the effect that counsel for the intervenors "came into court and . . prayed that they be allowed to become the real parties plaintiff," and the court thereupon, without "objections from attorney" for the defendant, passed the order allowing the intervention and making the intervenors parties *plaintiff*. *Smith* v. *Eubanks*, 72 *Ga.* 280 (2 a); *Southern Railway Co.* v. *Flemister*, 120 *Ga.* 524 (2) (48 S. E. 160); *West* v. *Embree*, 146 *Ga.* 653 (92 S. E. 64); *Smith* v. *Smith*, 149 *Ga.* 531 (101 S. E. 117); *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.*, 9 *Ga. App.* 108 (2) (70 S. E. 356); *Ozburn* v. *National Union Fire Insurance Co.*, 45 *Ga. App.* 33 (2), 42 (163 S. E. 321).

It is contended further that the order adding the new parties was invalid, for the reason that the case was one at law, and was such a case that it did not come within any provision of law as to allowing the addition of new and distinct parties. Compare Code, §§ 81-1303, 81-1307; *Delaney* v. *Sheehan*, 138 *Ga.* 510 (75 S. E. 632). Whether this contention might be sustainable if founded on exceptions to the order itself, no such exceptions were taken. So, as to this contention, the order must be treated as valid unless it was void for want of jurisdiction. We think the matter was one of which the court at least had jurisdiction. *Bower* v. *Thomas*, 69 *Ga.* 47 (3); *Eastmore* v. *Bunkley*, 113 *Ga.* 637 (2) (39 S. E. 105). On this phase, the case is unlike *Travelers Insurance Co.* v. *Bumstead*, 182 *Ga.* 692 (2) (186 S. E. 742), where the interest of the new party plaintiff was adverse to that of the original plaintiff. If the intervenors were in fact made parties plaintiff as indicated, then, in view of their alleged interest, they were entitled to be served with a copy of the rule nisi upon the motion for a new trial, as the "opposite party" within the meaning of the Code, § 70-306; and unless they were served or waived service, the judge did not err in dismissing the motion for a new trial upon that ground. *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111); *Mc-Mullen* v. *Citizens Bank*, 123 *Ga.* 400 (51 S. E. 342); *Strickland* v. *Bell*, 144 *Ga.* 494 (87 S. E. 398); *Pierce* v. *State*, 52 *Ga. App.* 10 (182 S. E. 60); *Vinson* v. *State*, 53 *Ga. App.* 224 (185 S. E. 529).

It is not sufficient reply to say that the intervenors introduced

no evidence, and hence did not prove their allegations as to interest. It might as well be said as to any plaintiff that, merely because he did not prove his case as laid, he is not entitled to notice of a motion for a new trial filed by the defendant after a verdict in the plaintiff's favor. In such case the question as to what was or was not proved is a matter to be determined on the motion for new trial itself, and conceivably it might be the only question that the movant intended to raise. The judge was authorized to find that the attorney who represented the City of Jackson did not also represent the intervenors, and thus that his acknowledgment of service affected the city only, as it in fact purported to do. The judge was also authorized to find that there was no other service or waiver of service.

Some other contentions were presented in the briefs, but they are regarded as subordinate to those discussed, and insubstantial. The case differs on its facts from *Sligh* v. *Smith, 36 Ga. App.* 237 (136 S. E. 175), where the person upon whom it was contended service should have been made was not an actual party, but was a mere "usee" in a trover case.

*Judgment affirmed. All the Justices concur.*