206 P.2d 513

**STATE v. KLEIER.**

No. 7415.

Supreme Court of Idaho.

May 16, 1949.

Ariel L. Crowley, Dale Clemons, Boise, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., of Boise, and W. W. Wander, Pros. Atty., Nampa, for respondent.

KEETON, Justice.

On September 22, 1947, an information was filed in the District Court of Canyon County charging appellant with first degree burglary. The information charges "that Raymond Kleier * * * on or about the 20th day of December, 1946, at Nampa, Idaho, did wilfully, unlawfully, feloniously and burglariously enter in the night time that certain building occupied by Nampa Finance Company, located at 223 Thirteenth Avenue South, with the intent then and there to commit larceny therein."

On arraignment, appellant was present in court and represented by his counsel, Laurence N. Smith, and on the 24th day of September, 1947, entered a plea of not guilty.

The case came on for trial December 2, 1947, at which time appellant was represented by Laurence N. Smith and Frank E. Meek; the State was represented by Earl E. Reed, prosecuting attorney.

A jury was impaneled and evidence introduced, and by the jury's verdict, dated December 3, 1947, appellant was found guilty of the crime of burglary in the first degree and was sentenced by the court to serve imprisonment at the State Penitentiary for not more than fifteen years. Appellant on December 8, 1947, made a motion for a new trial, alleging that the verdict was contrary to the evidence in that the evidence failed to show that the defendant had committed burglary in the night time; that the evidence failed to show that the appellant entered any house, room, apartment, tenement, show, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel or railroad car in the night time with the intent to commit grand or petit larceny, or any felony, and further that the evidence fails to show that any burglary was committed during the night time. Before the motion for a new trial was decided, the appellant, on December 9, 1947, filed a notice of appeal from the judgment of conviction. On February 10, 1948, the trial court entered an order denying appellant's motion for a new trial. The record discloses that prior to the time the motion for new trial was decided Frank E. Meek and Laurence N. Smith, on February 3, 1948, withdrew as appellant's attorneys, and on the 2nd day of April, 1948, Dale Clemons of Boise entered appearance for appellant.

The evidence shows that on the morning of December 20, 1946, at about six o'clock A.M. a boy named Englehardt observed two men with a wheel cart pulling a safe out of the door of Nampa Finance Company. He was unable to identify either of the persons. He notified the police, and officers went to the place where the boy had seen the men moving the safe.

An investigation was started and search made for the persons whom Englehardt had seen. Investigation by the officers disclosed that the front door of the Nampa Finance Company was broken open.

While the officers were conducting the investigation, a telephone report was made to the police office that somebody had been pounding on a safe near Bowman's gravel pit. Officers drove out to Bowman's gravel pit and in a short time, and while it was still dark, they observed a car with headlights facing them near the gravel pit. The officers drove up beside the car and stopped about four feet from it and turned the spotlight on the other car. Two officers, Jack Machos and Ed Machos, saw the driver's face plainly and recognized him as Raymond Kleier, the appellant. One of the officers noticed what he described as shadows or forms in the back seat of the car. The witness, Jack Machos, got out of the police car with a shotgun. The car that had been seen at the gravel pit was already in motion and as it drove away the officers fired shots at it. The lights on the retreating car were then turned off, and the officers were unable to see it further. The officers identified the license number on the car as 2C-12482; and it was later identified as a Chrysler sedan. At the place where the officers found the car above described, there were two safes with papers strewn around one of them. This safe was later identified as a safe together with contents belonging to Nampa Finance Company. Notes and evidences of loans belonging to the Finance Company, also some money belonging to it, were found there; and in the back of the Chrysler car when later found there was a drawer from the safe, some money and papers which had been in the safe, identified as the property of the Nampa Finance Company.

The officers did not examine the safe and papers strewn about it in detail at the time it was first located, but started in pursuit of the retreating car. This car was shortly located off the road in an orchard and was identified as the one in which appellant had been seen shortly before and as the one at which the officers shot. The rear left door was open and a part of the contents of the safe above mentioned found on the floor in the car. The officers then began a search for the missing occupants of the car. Appellant was discovered on foot hidden in some high weeds along a canal in the vicinity of the Chrysler and also in the vicinity of the gravel pit above referred to, and was identified as the person who was seen in the Chrysler car when the officers first approached it.

The man who had called the police earlier in the morning concerning pounding on the safe was John Ross who testified he saw three men pounding on the safe, shortly before the arrival of the officers. The witness Machos had also seen someone running in the field just before appellant was arrested. The arrest was made about 8:30 in the morning. The record is in dispute as to

whether or not the appellant was at the time of his arrest in an intoxicated condition.

One of the safes found near the above mentioned gravel pit was identified as belonging to Nampa Finance Company. The safe was in the Nampa Finance Company's offices the night before; it had been removed during the night, apparently through the door where Englehardt saw the men moving the safe. The door had been broken open and a window broken.

Appellant denied being in the Chrysler car at the gravel pit when the officers approached it and turned the spotlight on the car. Appellant testified that he was in Boise drunk at the time of the alleged burglary and produced witnesses corroborating his statement. Appellant explained his presence in the vicinity of the abandoned safe of the Nampa Finance Company saying he had been taken for a ride by parties that he had met in Boise and put out of the car in the vicinity of the place where he was found.

An examination of the safe belonging to the Nampa Finance Company showed that it had been broken open with force and its contents removed. The safe door had apparently been battered off with some heavy instrument. Appellant denied participating in the charged burglary or knowing anything about it. The state's case consisted largely of circumstantial evidence to connect appellant as a participant in the burglary.

Appellant assigns fourteen errors which we will now discuss.

Appellant's first assignment of error states that the verdict is contrary to the evidence, is not sustained by the evidence for the reason that the state did not prove entry of the premises; or that appellant was in any way connected with an entry or that the entry of the premises, if any occurred, was made during the night time, and that if a burglary was committed, appellant did not have anything to do with it, or aided, abetted, advised, or encouraged it.

That a burglary was committed in the night time we think there can be no doubt. The safe was in and upon the premises the evening before; it was gone in the morning. Two men were seen moving the safe out of a door which had been broken open, and the facts fully warrant the conclusion that a burglary was committed during the night. If appellant was connected with the burglary, it would not be necessary that he actually enter the premises himself. All persons who participate in the commission of a crime are principals in any crime so committed. In the case of State v. Bull, 47 Idaho 336, 276 P. 528, this court held that one remaining outside of a building in the capacity of lookout was guilty of burglary as a principal if the building was entered by an accomplice with intention of committing larceny in furtherance of a common purpose to which appellant was a party, though he himself made no entry. The distinction between accessories and principals

has been by the legislature abolished. Section 17-204, I.C.A., Sec. 18-204, I.C.

██ While the evidence is in conflict, there is sufficient circumstantial, competent evidence to sustain the verdict, and the question of fact was one exclusively for the jury. The jury having passed on the facts, there being substantial, competent evidence to sustain the jury's verdict, the same will not be disturbed on appeal, State v. Brassfield, 40 Idaho 203, 232 P. 1; State v. Murray, 43 Idaho 762, 254 P. 518; State v. Webb, 6 Idaho 428, 55 P. 892; State v. Bouchard, 27 Idaho 500, 149 P. 464.

██ Appellant's second assignment of error complains that when his motion for new trial was denied he was without counsel and had been for eight days. That for fifty-one days after the denial of the motion he was without counsel which deprived him of his right of appeal from the order denying the motion, the time for appeal having expired. There is no showing that he requested the court to appoint counsel for him, nor is there any showing that he was not able to employ counsel. There is nothing in the record to show that the same questions which were raised by his motion for new trial have not been raised on his appeal from the judgment. Appellant had a right to defend in person or by counsel and without counsel if he saw fit. Unless appellant requested the appointment of counsel and showed reasons for such appointment and the request was denied there would be no error due to the fact that for a period of time counsel was not of record in the case. The motion for new trial had been formerly submitted and argued and taken under advisement and thereafter denied.

Section 19-1412, I.C.A., Sec. 19-1512 I.C., provide that if defendant appear without counsel he must be informed by the court that it is his right to have counsel and must also be asked if he desires the aid of counsel. If he is unable to employ counsel, the court must assign counsel to defend him. Unless it appears that defendant was denied the right of counsel, the judgment will not be reversed. Barnes v. Commonwealth, 92 Va. 794, 23 S.E. 784; Watkins v. Commonwealth, 174 Va. 518, 6 S.E.2d 670; Elam v. Roland, 194 Ga. 58, 20 S.E.2d 572. See also Buckner v. Hudspeth, 10 Cir., 105 F.2d 396; McCoy v. Hudspeth, 10 Cir., 106 F.2d 810. Nor was it obligatory that the order denying the motion be filed at a time when appellant was present in court. Pierce v. State, 52 Ga. App. 10, 182 S.E. 60. The appellant was not denied any of his constitutional rights nor did he suffer any prejudice due to the matter complained of. The absence of counsel under the circumstances presented would not constitute reversible error.

What has been said disposes of appellant's assignment of error 1, 2, 3 and 4.

██ Appellant assigns as error the giving of instruction No. 6. This instruction is simply a statement of the law as set forth in Section 17-204, I.C.A. which abol-

ished the distinction between principals and accessories. The appellant's objection to the instruction is that there is no evidence that the appellant advised or encouraged the commission of the crime charged, and that that part of the instruction would permit a conviction upon a mere conjecture. It is true that only instructions that are pertinent to the pleadings and evidence should be given. 3 Am.Jur. 630, paragraph 1103.

The instruction could not have misled the jury, and it is applicable to the case and is not error.

▮▮▮▮ Appellant complains of instruction No. 10, which is as follows:

"You are instructed that one of the defenses interposed by the defendant in this case is what is known as an alibi; that is, that the defendant was at another place at the time of the alleged commission of the crime, and all the evidence bearing upon that point should be carefully considered by the jury, and, if, after considering the evidence the jury have a reasonable doubt as to whether the defendant was in some other place when the crime is claimed to have been committed, they should give the defendant the benefit of the doubt and find him not guilty.

"Where the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt of the guilt of the accused."

This instruction is objected to by appellant in that it did not require the state to prove a prima facie case against appellant before any burden is on appellant. Appellant did not request any such instruction.

While the wording of this instruction was criticised in the case of State v. Ward, 31 Idaho 419, 173 P. 497, the court said:

"But it does not necessarily follow that the giving of an erroneous instruction warrants this court in reversing the trial court. The instruction must not only be erroneous, but must also be prejudicial to justify a reversal. By other instructions the jury was charged that the defendant was entitled to the presumption of innocence, and that, if they entertained a reasonable doubt as to whether the state had proved all the material allegations of the information to be true, that doubt should be resolved in favor of the defendant. When the instructions are considered as a whole, it is impossible to conclude that this particular portion of the charge, though erroneous, misled the jury."

The instruction in question advised the jury that if there was any reasonable doubt about the defendant's guilt he should be acquitted.

The court had already instructed the jury of the burden of proof and presump-

tion of innocence and the judgment of the trial court should not be reversed where the appellant has not been prejudiced in any substantial right. State v. Brill, 21 Idaho 269, 121 P. 79.

▮▮▮▮ Appellant assigns as error the giving of instruction No. 13, which is as follows:

"You are told in these instructions that before you can find the defendant guilty you must be satisfied of his guilt beyond a reasonable doubt. A reasonable doubt within the meaning of the law is not an imaginary or possible doubt but a substantial doubt based upon reason and induced by the facts and circumstances in the particular case as shown by the evidence. It is such a doubt as leaves the mind of the jury, after a careful comparison and consideration of all the evidence, in that condition that you cannot say that you feel an abiding conviction to a moral certainty of the defendant's guilt as charged."

Appellant contends that the instruction does not authorize an acquittal due to a reasonable doubt based on lack of evidence.

Instructions to the jury must be considered as a whole. By instruction No. 2, the court instructed the jury that the prosecution must prove every material allegation in the information beyond a reasonable doubt; also that probabilities or the greater weight or preponderance of the evidence were not sufficient to warrant a conviction and that nothing was to be presumed or taken by implication against the defendant, and that the law presumed him innocent unless proved guilty beyond a reasonable doubt.

Instruction No. 13 complained of, when read with instruction No. 2, could not have left any confusion in the minds of the jurors, or misled them in any way. The instructions as a whole instruct the jury that a conviction could be had only on evidence which convinces the jury beyond a reasonable doubt of the defendant's guilt.

▮▮▮▮ Appellant complains of and assigns as error the admission in evidence of Exhibit No. 5, being a photograph of a safe and papers strewn about, because it contains a picture of another safe, other than the one belonging to Nampa Finance Company. The photograph was simply illustrative of the conditions surrounding the place where the stolen safe was located.

Photographs and pictures relevant to describe a person, place or thing are admissible for the purpose of explaining and applying the evidence and assisting the jury in understanding the case. Such evidence is used to clarify and present a more comprehensive explanation of the physical facts than could be obtained from the testimony of witnesses.

Where photographs are used to throw light on the issues and surrounding circumstances, such photographs are properly

admitted. 22 C.J. 914, 915, 916 and 917; 32 C.J.S., Evidence, §§ 709-713.

There is no suggestion in the evidence that the second safe included in the picture connected, or was used to connect, the defendant with any other offense. The photographs were properly admitted.

 Appellant also complains of and assigns as error the failure to bring the case to trial at the next term of the district court after the defendant was held to answer.

There is nothing in the record to show that a dismissal was asked or the question was raised before the trial court.

Section 19-3401, I.C.A. provides for a dismissal of the action; "If an indictment is not found against him at the next term of the court to which he is held to answer [and] is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

Section 1-706, I.C.A. provides for the holding of two terms of the district court a year. There is nothing in the record to show when the terms of court were held in Canyon County, or when appellant was held to answer, and a failure to bring the case to trial at the next term of court after being held to answer may be by the defendant waived. Unless the point was raised and the motion for dismissal denied, there is nothing before the supreme court to pass on. Ex parte Fennessy, 54 Cal. 101; People v. Hawkins, 127 Cal. 372, 59 P. 697; Ex parte Todd, 44 Cal.App. 496, 186 P. 790; People v. Scott, 74 Cal.App.2d 782, 169 P.2d 970. No motion to dismiss for the reason assigned appears in the record.

 Appellant assigns as error the admission in evidence of Exhibits 6, 7, 8, 10, 12, 13, 14 and 15.

Exhibits 6, 7, 8 and 10 consist of an axe, pipe wrench, a piece of pipe and a pinch bar taken from the trunk of the Chrysler car, the day after the charged burglary, but identified by another officer as having been in the trunk of the car at the time it was located.

Exhibits 12, 13, 14 and 15 consist of a sledge hammer, a punch, a bar bolt cutter and a pair of gloves found in the car back of the front seat, and were taken from the car by the officers the same day the car was found abandoned.

There was evidence that the safe had been hammered on by some heavy instrument with sufficient force to break it open. The door of the Nampa Finance Company had also been broken open.

The Exhibits offered in evidence were found in the car in which the appellant was discovered near the safe shortly after the burglary.

The witness Ross testified that he saw and heard three men hammering on the safe. There was sufficient connection between the Exhibits and the burglary, and the possession of the same by the appellant

to admit the same in evidence, and the instruments themselves so admitted were undoubtedly capable of making the entry, and their admission was not error. 9 C.J. 1073, paragraph 131; 12 C.J.S., Burglary, § 51.

The gloves, Exhibit 15, were apparently offered for the purpose of explaining the absence of fingerprints on the car, safe and tools admitted in evidence.

The examination of the record as a whole presents no reversible error and the judgment is affirmed.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.